[No. 7,680. Department Two.—November 13, 1884.]

## MEYER EHRLICH ET AL., APPELLANTS, v. EDWARD EWALD, RESPONDENT.

PLEDGE—ACTION TO RECOVER DEBT SECURED.—Where property is pledged to secure a debt, the pledgee may maintain an action for the debt without first exhausting the subject of the pledge.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a motion by the plaintiff for judgment on the findings, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Wm. H. Sharp*, for Appellants.

*B. S. Brooks*, and *Edward Ewald*, for Respondent.

The COURT.—The court below found that defendant was indebted to plaintiff, for money loaned, to secure the payment whereof defendant had delivered to plaintiff certain personal property, which property is still held by plaintiff, who had

taken no steps to subject the same to sale for the payment of the debt. The action had been brought to recover judgment for the amount due, with interest.

The defendant insists that according to Sec. 726, C. C. P., the action cannot be maintained: that the plaintiff must first seek to enforce his lien before he can have an independent action for money. This view was taken by the court below, in refusing judgment for plaintiff on the findings, and in rendering judgment for defendant.

Sec. 726, C. C. P., refers in terms to a mortgage. Distinction between a mortgage and pledge is clearly recognized in Secs. 2920, and 2928, Civil Code. In case of a pledge, the pledgee may resort to a judicial sale (§ 3011 C. C.), or he may sell on notice (§§ 3000, 3005, C. C.), without suit, the latter remedy not being given in case of a mortgage. We find nothing which will prevent a pledgee from having his action to recover the debt, without first exhausting the subject of the pledge. (*Sonoma Bank* v. *Hill*, 59 Cal. 107.)

The order of the court below on a former hearing, granting a new trial, affirmed in 51 Cal. 172, is not the law of the case. The court below may have granted the new trial, for the reason above stated, among others; but this court, in its opinion, stated the ground on which the order was affirmed, which was not the point here presented.

The plaintiff was entitled to judgment for the amount stated in the findings, with interest.

The judgment is reversed, and the cause is remanded, with instructions to render judgment in accordance herewith.