[No. 15,902.  Department Two.—July 23, 1896.]

# SAVINGS BANK OF ST. HELENA, RESPONDENT, *v.* E. D. MIDDLEKAUFF ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—ANSWER AND CROSS-COMPLAINT—INSUFFICIENT AMENDMENT—ASSIGNMENT OF INSURANCE POLICY AS SECURITY.
   In an action to foreclose a mortgage, a proposed amended answer and cross-complaint setting up an assignment to plaintiff of an insurance policy on the mortgaged premises, and a loss by fire, and alleging that defendants had made proof of loss, and had requested plaintiff to collect the insurance to be applied on the mortgage note, which plaintiff had refused to do, and that there was a conspiracy between plaintiff and the insurance company—does not state any defense to the action, nor any cause of action by way of cross-complaint, that can be litigated in the foreclosure suit—but the controversy between the parties must be determined in another action, and it is not error to refuse leave to file the proposed amended pleadings.

113 463
114 129
113 463
123 648
113 463
128 208
113 463
138 317

ID.—RIGHTS OF PLEDGEE—CONSTRUCTION OF CODE.—A pledgee may recover a debt for which a pledge is given, without first exhausting the
subject of the pledge, and under section 726 of the Code of Civil Procedure, the defendant cannot compel an adjustment of a pledged insurance policy in an action to foreclose a mortgage; nor does section 3433
of the Civil Code apply to such a case.

APPEAL from a judgment of the Superior Court of
Napa County. E. D. HORN, Judge.

The facts are stated in the opinion of the court.

*E. S. Pillsbury,* for Appellants.

The facts contained in the proposed amended answer, and in the proposed cross-complaint, constituted
an equitable defense, and show that plaintiff was not
entitled to judgment until after the security held by it
should have been wholly exhausted (Civ. Code, sec.
3433; Code Civ. Proc., sec. 726; *McGarvey* v. *Hall,* 23
Cal. 140; *Ehrlich* v. *Ewald,* 66 Cal. 97; *Wittenbrock* v.
*Bellmer,* 62 Cal. 558; *Ingalls* v. *Morgan,* 10 N. Y. 178,
186; *Grand Rapids Sav. Bank* v. *Denison,* 92 Mich. 418;
*McConnell* v. *Muldoon,* 24 N. Y. Supp. 902; Sheldon on
Subrogation, sec. 235; *Nelson* v. *Bound Brook Fire Ins.
Co.,* 43 N. J. Eq. 256, 261; 3 Am. St. Rep. 308; *Waring*
v. *Loder,* 53 N. Y. 581; *Kernochan* v. *New York etc. Fire
Ins. Co.,* 17 N. Y. 428; *Pendleton* v. *Elliott,* 67 Mich.
496; *Graves* v. *Hampden Fire Ins. Co.,* 10 Allen, 281);
and the court erred in refusing to allow the amended
answer to be filed. (*Guidery* v. *Green,* 95 Cal. 630, 633;
*Farmers' etc. Bank* v. *Stover,* 60 Cal. 387, 394; *Lower Kings
River Ditch Co.* v. *Kings River Canal Co.,* 67 Cal. 577,
580; *Burns* v. *Scooffy,* 98 Cal. 271, 276; *Gould* v. *Stafford,* 101 Cal. 32, 84; *McPherson* v. *Weston,* 85 Cal. 90;
*Winter* v. *McMillan,* 87 Cal. 256; 22 Am. St. Rep. 243;
*First Nat. Bank* v. *Bews,* 2 Idaho, 1175; *Walker* v.
*Sedgwick,* 8 Cal. 403, 405.)

*J. W. Goodwin,* and *A. J. Hull,* for Respondent.

The bank held the policy as a pledge—as collateral
security, and not as a mortgage. (Civ. Code, secs. 2920,

2924; *Gilman* v. *Curtis,* 66 Cal. 116; *Sonoma Valley Bank* v. *Hill,* 59 Cal. 108.) The possession of pledged property (other than such as is held under mortgage) does not suspend the right of a pledgee to proceed personally against the pledgor for his debt, without first selling the pledge. (*Sonoma Valley Bank* v. *Hill, supra; Ehrlich* v. *Ewald,* 66 Cal. 97.)

McFARLAND, J.—This is an ordinary action to foreclose a mortgage made by the defendants, E. D. Middlekauff and his wife Addie, to secure a promissory note made by said defendants to plaintiff for three thousand five hundred dollars. The said defendants first filed a short answer in which they merely denied generally all the allegations of the complaint. Some months afterward, when the case was called for trial, the said defendants presented and asked leave to file an amended answer and also a cross-complaint. The court denied leave to file either of said offered pleadings. The case then proceeded to trial, and judgment was rendered for plaintiffs, foreclosing the mortgage in the usual form; and said defendants appeal from the judgment.

The only question raised by the appeal is whether or not the court erred in denying the motion of the appellants to file said answer and cross-complaint. No question is made by respondent as to the time when the offer to file the said pleadings was made, or that the defendants were guilty of laches. The court denied the motion upon the ground that the proposed answer constituted no defense to the action, and that the matters therein set forth could not be litigated in this action; and upon the same ground denied the motion to file the cross-complaint.

The matters set out in the proposed answer and cross-complaint are, briefly, that at the time of the execution of the mortgage the appellants also assigned and delivered to plaintiff a certain fire insurance policy, issued by the Sun Insurance Company, in the amount of three thousand dollars, upon a certain house standing upon the

mortgaged premises, as further security for said note; and that the said house was consumed by fire before the commencement of this action.   It is further alleged in said rejected pleadings that the defendants had made all the proper proof of the loss to said insurance office, and took all the steps necessary under the law and the conditions of the said policy, in order to render said money due under said insurance, and requested the plaintiff to collect said insurance money, and apply it upon the said note secured by said mortgage as aforesaid, and that plaintiff has refused so to do.   It is also alleged in the cross-complaint that there was a conspiracy between the plaintiff and the said insurance company to defeat said insurance.   It is prayed in the said answer and cross-complaint, that plaintiff be compelled to proceed and collect said insurance money, and apply it to the note and mortgage sued on in this case.

The court was right in denying the motion to file said pleadings, for they do not set up any defense to this action, or any cause of complaint against the plaintiff that can be litigated in this action.   Appellants have presented no authority applicable to the contention which they make.   Section 3433 of the Civil Code has no applicability to the position of the parties in this case.   That section applies only to a case where one creditor is entitled to resort to each of several funds of a debtor, and another creditor of said debtor is entitled to resort to some, but not all, the same funds.   Section 726 of the Code of Civil Procedure provides that there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property; and the form of such action is set forth in said section.   The assignment and delivery of the insurance policy by appellants to respondent was a mere pledge; it was " a deposit of personal property by way of security for the performance of another act." (Code Civ. Proc., sec. 2986.)   " Every contract by which the possession of personal property is transferred as security only is to be deemed a pledge." (Code Civ. Proc.,

sec. 2987.)   A pledgee may sue to recover the debt for which the pledge was given, without first exhausting the subject of the pledge (*Ehrlich* v. *Ewald*, 66 Cal. 97); and, therefore, while in the case at bar the respondent was compelled to bring the suit to foreclose the mortgage on the land, the principle stated in section 726 of the Code of Civil Procedure, did not apply to the insurance policy. We, therefore, see no principle upon which, in this case, the defendants can introduce into the litigation any question about said policy. Whatever difference there may be between the parties as to that matter must be determined in another action.

The judgment is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.