[Sac. No. 847.  In Bank.—September 1, 1903.]

HERBERT KRAFT COMPANY, Respondent, *v.* DOLLIE L. BRYAN, Administratrix, etc., et al., Appellants.

<table>
<tr><td>140</td><td>73</td></tr>
<tr><td>149</td><td>654</td></tr>
</table>

ACTION UPON NOTE—INSUFFICIENT DEFENSE—DEED OF TRUST—PURCHASE BY CORPORATION—SALE BY DIRECTORS AND STOCKHOLDERS.— In an action upon a note for a balance due, a defense that a deed of trust was executed to secure it, and that at a sale thereunder two of the trustees were directors and stockholders of the corporation creditor, which became the purchaser, does not state a defense, in the absence of any averments showing fraud, irregularity, or misconduct of the trustees in making the sale, or that it was not made to the highest bidder, or that the amount thereof was not credited upon the note, or that there was an offer to pay the balance. The sale was made, not to the trustees, but to the corpora-

tion, and the seller and purchaser not being the same person, the sale was valid, if not shown to be invalid on other grounds.

ID.—RELAXATION OF RULE—POWER OF SALE FOR SECURITY.—The rule as to the validity of purchases for the benefit of trustees, under a power of sale in a mortgage or deed of trust given as security for loans, is much relaxed. The mortgagee himself may be the trustee to sell under a mortgage.

ID.—ACCOUNTING—INCONSISTENCY—INSUFFICIENT DEFENSE AND CROSS-COMPLAINT.—A defense and cross-complaint for an accounting of the gains derived by the trustees from the trust property, is inconsistent with the defense that the sale was void and that the security must be first exhausted by a resale before suing on the note. But no defense or cause of cross-complaint for an accounting against the trustees is tenable in an action by the corporation for the balance due on the note; and where no facts are stated showing an obligation of the corporation plaintiff to any accounting beyond the purchase money paid, and applied on the note, the pleadings in relation to an accounting are insufficient.

ID.—SALE UNDER DEED OF TRUST—UNSATISFIED BALANCE—TITLE OF TRUSTEES—QUERY.—It is clear on principle that after a sale has been made under a deed of trust an action may be maintained for any unsatisfied balance of the debt. But the question whether, since a trust-deed is distinct from a mortgage, in that it passes the legal title to the trustees, an action may be maintained on the debt, independently of a sale under the deed of trust, is discussed but not decided.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Garter, Dozier & Wells, for Appellants.

A deed of trust of real property to secure indebtedness is to be regarded equitably as a mortgage, since it confers the title only as security, and does not confer a right of possession. (*Freeman* v. *Campbell*, 99 Cal. 546; *Powell* v. *Patison*, 100 Cal. 234, 236.) The sale by the trustees to a corporation of which they were directors and stockholders was invalid. (*San Diego* v. *San Diego etc. R. R. Co.*, 44 Cal. 106; *Wilbur* v. *Lynde*, 49 Cal. 291; *Davis* v. *Rock Creek etc. Co.*, 55 Cal. 359;[1] *Graves* v. *Mono Lake Hydraulic Min. Co.*, 81 Cal. 303; Civ. Code, secs. 2229, 2234.)

---

[1] 36 Am. Rep. 40.

Coffman & Coffman, and A. N. Drown, *Amicus Curiæ*, for Respondent.

The plaintiff is entitled to maintain his action on the note, irrespective of the fact of the validity of a sale under the deed of trust, which is not a mortgage within the terms of section 726 of the Code of Civil Procedure. The deed of trust passes legal title, and cannot be foreclosed by suit. *Koch* v. *Briggs,* 14 Cal. 256, 262;[1] *Fuquay* v. *Stickney,* 41 Cal. 583, 587; *Grant* v. *Burr,* 57 Cal. 480, 482; *Durkin* v. *Barr,* 60 Cal. 360; *Savings and Loan Society* v. *Deering,* 60 Cal. 286; *Partridge* v. *Shepard,* 71 Cal. 470, 478; *Moore* v. *Calkins,* 95 Cal. 435, 438;[1] *Savings and Loan Society* v. *Barnett,* 106 Cal. 504, 528; *Camp* v. *Lang,* 132 Cal. 167, 170; *Balfour, Guthrie & Co.* v. *Woodworth,* 124 Cal. 169, 174; *Staacke* v. *Bell,* 125 Cal. 309, 315; *Hazen* v. *Nicholls,* 126 Cal. 327-329; *Banta* v. *Wise,* 135 Cal. 277, 279; *Sampson* v. *Pattison,* 1 Hare, 536.) The restriction of section 726 of the Code of Civil Procedure is not to be extended beyond the obvious import of its language, which is applicable only to "a mortgage of real property." (*Merced Bank* v. *Casaccia,* 103 Cal. 643; *Ehrlick* v. *Ewald,* 66 Cal. 97.) The sale by the trustees under the deed of trust to the corporation auditor was valid, no fraud being alleged or shown. (2 Jones on Mortgages, sec. 1880; *Eaton* v. *German-American Bank,* 127 U. S. 338; *Felton* v. *Le Breton,* 92 Cal. 467; *Farrar* v. *Farrar,* L. R. 40 Ch. Div. 395, 409-410; *Hamill* v. *Copeland,* 26 Colo. 178.) The sale in this case was not void. The trustees were not the purchasers, and there is no presumption of fraud not alleged or proved. (*San Diego etc. R. R. Co.* v. *Pacific Beach Co.,* 112 Cal. 53-54; *Pauly* v. *Pauly,* 107 Cal. 8;[3] *Adams Min. Co.* v. *Santos,* 26 Mich. 73; *Leavenworth* v. *Chicago etc. Ry. Co.,* 134 U. S. 688; *Kennedy* v. *Dunn,* 58 Cal. 340.) In this action on the note, the defendant cannot adjudicate any rights against the trustees who are strangers to the suit. (*Heaton* v. *Lynd,* 11 Ind. App. 408.) A counterclaim or cross-complaint must show a cause of action against the plaintiff. (*Harrison* v. *McCormick,* 69 Cal. 618; *Savings Bank* v. *Middlekauff,* 113 Cal. 463; *Andrews* v. *Kibler,* 12 Mich. 94.[4])

[1] 73 Am. Dec. 651.
[2] 29 Am. St. Rep. 128.
[3] 48 Am. St. Rep. 98.
[4] 83 Am. Dec. 766.

McFARLAND, J.—This is an action to recover the balance alleged to be due on a certain negotiable promissory note,—the complaint containing the averments necessary to the proper statement of a cause of action on such an instrument. It is averred that on June 3, 1893, the defendants, James M. Bryan and Dollie L. Bryan, made and delivered their promissory note (a copy of which is given) to one Herbert Kraft, in which they promised to pay to said Kraft, or order, two years after date, ten thousand dollars, with interest at nine per cent per annum; that thereafter Herbert Kraft assigned and transferred said note to plaintiff; that certain named payments had been made on said note, and that there was due and unpaid thereon the sum of $2,318, with interest; and for this last named amount, with costs, etc., plaintiff prayed judgment. James M. Bryan died after the commencement of the action and after the various pleadings had been filed, and the other defendant, Dollie L. Bryan, was substituted for him as his administratrix. Judgment was rendered in the court below as prayed for in the complaint; and Dollie L. Bryan as such administratrix, and in her own individual capacity, appeals from the judgment.

The defendants filed an answer in which they denied some of the averments as to the assignment, the amount paid, the amount due, etc.; but the court found all the averments of the complaint to be true, and as no evidence about these matters is brought up, no question is before us as to these findings. But by the fourth paragraph of the answer a separate defense is set up, and the facts averred as constituting this defense are also set up in a cross-complaint. The plaintiff demurred to this fourth defense, and moved to strike out the cross-complaint, and the court sustained the demurrer and granted the motion to strike out. These rulings of the court below to which appellant excepted present the questions involved on this appeal.

The material facts averred in the fourth paragraph of the answer, and in the cross-complaint, are substantially these: On December 11, 1893,—about six months after the making of the note sued on,—the said James M. and Dollie L. Bryan executed a deed of trust conveying to George H. Kraft and E. P. Kraft, as trustees, certain lands as security for the payment of said note (and also for any further advances

which Herbert Kraft might make to them; but as there were no such other advances this part of the deed is of no further consequence). The conveyance was in the usual form of deeds of trust which have been in use in this state as security for a great many years. It provided that if the grantors should pay the indebtedness at maturity, then the trustees should reconvey to the grantors the lands and estate conveyed by the trust deed; but if there should be a default in such payment, then the trustees, after giving notices and so forth, as provided in the deed, might sell the land to the highest bidder; "that at such sale the holder or holders of any indebtedness secured to be paid by the said deed of trust might bid and purchase thereat," that the trustees should execute a deed of conveyance of the lands to the purchaser; that the trustees should apply the proceeds of the sale, after deducting certain expenses, to the payment of the said indebtedness intended to be secured; and that the surplus, if any, should be paid to the grantors. It is further averred that on June 13, 1896, the said trustees did sell said lands, under the provisions of the trust deed, to the plaintiff herein, the Herbert Kraft Company, a corporation, for ten thousand dollars, that being the highest bid offered at the sale, and executed to plaintiff a deed conveying said lands. It is further averred that at the time of the sale the two trustees were stockholders and directors of the said corporation, the purchaser. It is further averred on information and belief that since the said sale to plaintiff the latter sold and conveyed the premises to Martha B. Grinnell for $12,500, and she is averred to have purchased with knowledge of the above facts. There is no averment of the date of the alleged sale from plaintiff to Grinnell; but as the sale to plaintiff was made in June, 1896, and the answer and cross-complaint were filed in February, 1899, the alleged sale to Grinnell may have been two and a half years after the sale to plaintiff. There is no averment that the amount paid by plaintiff at the sale was not an adequate price. The foregoing are substantially the alleged facts upon which appellant bases her contentions for a reversal of the judgment. There are no averments of fraud or misconduct on the part of the trustees in making the sale, or that there was not due notice given thereof, or that it was not conducted in all respects as directed by the trust-deed, or that the

premises were not sold to the highest bidder. There is no averment that the amount bid was not credited on the note; nor is there any offer to pay the balance due thereon.

On the above facts the appellant makes various and inconsistent contentions. She contends that because the trustees were stockholders and directors of the plaintiff corporation, therefore their said sale to the latter was void, upon the principle that a trustee cannot sell to himself; and that, there having been no sale, plaintiff cannot maintain an action on the promissory note without having exhausted the security by a sale of the trust property. Then, again, it is contended that appellant is entitled to an accounting, and to have credited on the balance due on the note the difference between the price paid at the trustees' sale and the price alleged to have been subsequently paid by Grinnell to plaintiff. This latter contention is, of course, inconsistent with the theory that there was no sale. It also seems to be contended that if the proceeds of the sale were not sufficient to satisfy the debt, there could be no recovery of the balance due. The prayer—in both the answer and the cross-complaint—is, that the sale and deed to plaintiff "be declared void"; that there be an accounting between "said plaintiff" and appellant as to the gains, etc., "derived by *said trustees* from the said trust property," and "that the plaintiff's action be dismissed"; and that appellant have such other relief, etc.

If we overlook the confusion of inconsistent contentions presented by appellant, we are unable to see any theory based on the alleged facts which would warrant a reversal of the judgment. The theory of appellant's right to an accounting must, of course, be based upon a recognition of the validity of the sale; and there is no principle upon which the purchaser at a valid sale can be held accountable for anything other than the payment of the purchase money. If the plaintiff bought the property at a valid sale, and paid the purchase price, it had no further liability in the premises. If appellant had averred facts sufficient to make an independent cause of action against the trustees for an accounting, such averment would have been no defense against the present action on the promissory note, nor a proper cross-complaint herein. But if there could be such an accounting in the present action

against the plaintiff, who is not a trustee, the facts alleged as above stated would have been insufficient for that purpose. Therefore, upon the theory that the sale was valid, the pleadings of appellant present no defense to this action nor cause for cross-complaint.

2. Neither do the pleadings in question show that the sale was void. There is no averment that the trustees were guilty of any fraud, misconduct, or irregularity in conducting the sale, or that they departed in any way from the direction of the trust-deed, or that appellant suffered any injury by their conduct, and there is nothing in the nature of an offer to redeem by paying the debt. The claim that the sale was void rests solely upon the naked fact that the two trustees who made the sale were stockholders and directors of the purchasing corporation, and that this fact, *ipso facto*, and without any further showing rendered the sale void. This position is not tenable. The plaintiff occupied no fiduciary relation to the trustees, and as holder of the debt secured had, under the express terms of the deed, the right to purchase at the sale. The two trustees being stockholders and directors of the corporation had some relation to and interest in its affairs; but that relation does not bring the case at bar within the principle that a sale by a trustee to himself is absolutely void. The purchase was not made by or for the trustees, but by the corporation for itself, and the seller and purchaser were not the same person. A sale of property by a director to his corporation is not void. Moreover the rule invoked is much relaxed as to mortgages and deeds of trust with power to sell, given as security for loans. The mortgagee himself may be the trustee to sell under the mortgage. It seems clear that a sale like the one involved in the case at bar is not void; and if it could be considered as voidable, it could be voided only upon the showing of some injury not here averred. As plaintiff was the highest bidder, it is difficult to see how the trustees could have refused to accept the bid without violating their duty to the trustors. However, further discussion of the point is unnecessary, because it is determined against the contention of appellant in the recent case of *Bank of Sacramento* v. *Copsey,* 133 Cal., 659,[1] where authorities sustaining the foregoing

[1] 85 Am. St. Rep. 238.

views are cited. We do not see how the fact that in the Copsey case the debt was due originally to the corporation of which the trustees were directors, can make any difference in the application of the principle.

3. There are one or two other questions discussed by counsel which perhaps should be briefly noticed. One of these is as to the difference between a deed of trust and a mortgage. There are cases where the question was whether a certain particular instrument was a trust-deed or a mortgage; but the instrument involved in the case at bar is a typical trust-deed,— running not to the creditor, but to a third party as trustee,— such as the one passed on in the early case of *Koch* v. *Briggs,* 14 Cal. 256.[1] It was held in that case that such a trust-deed ''has no feature in common with a mortgage, except that it was executed to secure an indebtedness''; that on such an instrument a suit for a foreclosure and sale will not lie, for the contract of the parties is, that upon default the trustee should sell, and there is no equity of redemption to foreclose. This view of the nature of such a trust-deed, and the difference between it and a mortgage, has not been departed from, and its validity as an instrument passing title, and not merely creating a lien as a mortgage to be foreclosed, has been constantly upheld. (See *Savings and Loan Society* v. *Burnett,* 106 Cal. 514, and the many cases there cited; *Grant* v. *Burr,* 54 Cal. 298.)

That after the sale of the trust property an action may be maintained for any unsatisfied balance of the indebtedness is clear on principle, and has been determined by the other case of *Bank of Sacramento* v. *Copsey,* 133 Cal., commencing at page 663.[2] (See, also, *Thurgood* v. *Spring,* 139 Cal. 596.) Of course, whether the form of security be a trust-deed or a mortgage, the debtor might so contract as to exclude any personal liability for a deficiency at the sale; but in the case at bar there was an express promise in the form of a promissory note.

Respondent contends that this action can be maintained on the promissory note independent of the deed of trust, and whether or not the security under that deed had been exhausted, and that therefore it is immaterial whether there was a valid sale to plaintiff, or any sale at all; but under the views above expressed it is not necessary to here determine

---

[1] 73 Am. Dec. 651.          [2] 85 Am. St. Rep. 238.

this question. It may be said, however, that the question is not concluded by the fact that section 726 of the Code of Civil Procedure merely provides that there shall be only one action for a debt secured by *mortgage,* and that a trust-deed is not a mortgage. Assuming that a trust-deed is not within that section, still there are other considerations to be weighed in determining whether a creditor who has accepted such a deed as security has not contracted to pursue the terms of the deed when he attempts to forcibly collect the debt. In *Savings and Loan Society* v. *Burnett,* 106 Cal. 514, it is said—though perhaps not decided—that the grantor retains the right to a conveyance on payment, "and to a sale as provided in case of default"; and this right seems to be indicated in other cases. *Powell* v. *Pattison,* 100 Cal. 236, can hardly be considered authority on the point. When in that case the court said that "It is well settled by authority in this state that a personal judgment on a secured debt before the security had been legally exhausted, is erroneous," it must have had in mind security by *mortgage,* for in all cases cited as authority on the point—*Barbieri* v. *Ramelli,* 84 Cal. 154; *Crim* v. *Kessing,* 89 Cal. 478;[1] and *Biddel* v. *Brizzolara,* 64 Cal. 354—a mortgage only was involved. We have been referred to no other case where it has been directly held that an action cannot be maintained on a secured indebtedness without first exhausting the security, where the security was not a mortgage. On the other hand, it was decided in *Ehrlich* v. *Ewald,* 66 Cal. 97, that an action could be maintained on an indebtedness secured by a pledge of personal property without first exhausting the security, and in *Samuel* v. *Allen,* 98 Cal. 406, that an independent action could be maintained on an indebtedness although the plaintiff had a vendor's lien as security. We have noticed the subject to this extent because it has been elaborately discussed and because what has been said may possibly be of some aid in examining the question hereafter, if it should ever necessarily arise in some future case.

The judgment appealed from is affirmed.

Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.

[1] 23 Am. St. Rep. 491.