[Civ. No. 2880.    Second Appellate District, Division Two.—February 10, 1919.]

## MISSION BREWING COMPANY (a Corporation), Respondent, v. FRED RICKERT, Appellant; FRED RICKERT and A. WIDMAIER, etc., Defendants.

CHATTEL MORTGAGES — FORECLOSURE PROCEEDINGS—EXECUTORY AGREEMENT TO WITHDRAW SUIT.—An agreement by a chattel mortgagee to withdraw certain foreclosure proceedings in consideration of "this agreement and what hereafter follows," the latter being a promise of one of the defendants to use the plaintiff's beer in Los Angeles, constituted an executory contract.

ID.—FAILURE OF SECOND PARTY TO PERFORM—FIRST PARTY NOT BOUND. Where the cardinal thing that led the plaintiff to enter into the contract was the promise of the defendant to use the plaintiff's beer in Los Angeles and the defendant failed to use the plaintiff's beer, the plaintiff was not estopped from proceeding with the foreclosure.

NEW TRIAL—FAILURE TO FIND ON SPECIAL ISSUE.—A new trial for failure to find on a special issue may be denied if a finding on such issue in favor of the party asking a new trial could not have changed the result.

CONTRACTS — CONSIDERATION—PARTIAL ILLEGALITY.—The separation of the good consideration from that which is illegal, where the consideration for a contract is partly illegal, will not be made where the party seeking to enforce the contract is himself the one who made and breached the illegal consideration.

ID.—INVALIDITY OF CONTRACT.—If there are several considerations for one promise, some of which are legal and others illegal, the promise is wholly void, as it is impossible to say which one of the considerations induced the promise.

MORTGAGE ASSIGNED AS COLLATERAL SECURITY — FORECLOSURE — DEFICIENCY JUDGMENT.—Where a mortgage is assigned as collateral security, an action to foreclose it is not an action for the recovery of the principal debt, and it is not necessary to foreclose all the property or that all the security be exhausted before a deficiency judgment can be entered.

APPEAL from a judgment of the Superior Court of San Diego County.    W. A. Sloane, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Stephen Monteleone and Edwin M. Parker for Appellant.

Wadham & Munkelt for Respondent.    -

THOMAS, J.—This is an action brought to foreclose a mortgage on personal property owned by defendants Rickert and Widmaier. The defendant Piwald, according to the allegations of the complaint, claims some interest in the property, and because of that fact is joined as defendant. The complaint is in the usual form. The defendant Rickert denies all the material allegations of the complaint, and by way of separate defense alleges that the defendants Rickert and Widmaier and the plaintiff herein entered into an agreement by the terms of which, among other things, it was provided that the present action should be withdrawn and the defendant Ralph Piwald permitted to assume the payment of the note sued on here and to secure which the mortgage here sought to be foreclosed was given. By way of further defense it was alleged that, by virtue of certain contracts entered into on June 23, 1913, between defendant Rickert and one John Crockett, on one side, and one Wilson Chamberlain on the other, the latter agreed to sell, and the said defendant Rickert and the said Crockett agreed to buy, certain described real property for the sum of twenty thousand dollars; that thereafter, and prior to the eighteenth day of November, 1913, said defendant and said Crockett paid thereon the sum of five thousand dollars; that thereafter the said Crockett assigned and transferred all his interest therein to A. Widmaier; and that thereafter the defendants Rickert and Widmaier assigned and transferred all their right, title, and interest therein to plaintiffs as security for the payment of a promissory note made to plaintiff for the sum of two thousand five hundred dollars, and interest; and, as a part of the same transaction, these defendants delivered the chattel mortgage sought to be foreclosed here. That on or about November 20, 1913, these same defendants "transferred" to one R. M. Piwald all their interest and estate in, and right and title to, the Sunset Café, at Ocean Beach, and at the same time conveyed to the Union Title and Trust Company, a corporation, for said Piwald, all their interest in said property—all subject to the interest in, or lien upon, said property of said plaintiff. That it was

understood and agreed by said defendants and said Piwald, and said Union Title and Trust Company, and said plaintiff, that the mortgaged property, together with defendants' interest in said mortgage, so transferred to the Union Title and Trust Company, should be held, and continued to be held, by plaintiff as security as aforesaid. Defendants, ''on information and belief,'' further alleged that the Union Title and Trust Company, the said plaintiff, and said Piwald entered into a written contract with said Wilson Chamberlain, by virtue of which it was agreed that Chamberlain would make a new contract for the sale of the land to Piwald, for the sum of fifteen thousand dollars, and that Piwald should immediately assign such contract to plaintiff as security for the payment of said promissory note; and that the same should take effect of, and be substituted for, said contract between said Chamberlain and said defendants—although the defendant Rickert did not, for a long time after the making of the contract last referred to, know of its execution or existence, and that the same was made without his consent. On information and belief defendant Rickert further alleges that upon the execution of said new contract with Chamberlain the said plaintiff consented to the rescission and annulment of said first contract, and that said first contract between the defendant Rickert and Crockett and said Chamberlain was annulled and rescinded, all without his knowledge or consent. He further alleges that the latter contract is in full force and effect, and held by plaintiff as security for the payment of said note; and that plaintiff, by this action, is attempting to foreclose only a part of the property had by said plaintiff as aforesaid.

The defendant Piwald denies the material allegations of the amended complaint, excepting paragraphs I and II thereof. He further alleges that in December, 1913, the defendants Rickert and Widmaier sold and transferred their interest in and to all the personal property described in the mortgage here sought to be foreclosed; that by bill of sale transferring and selling said personal property to them they ''warranted and guaranteed'' the title thereof, and undertook to protect him from any obligation or debt due or owing by them—other than said indebtedness set out in said bill of sale, which did not include the amount sought to be secured by the alleged chattel mortgage; that he immediately took

possession of said property, and ever since he has been in possession thereof.

The issues framed by the foregoing alleged facts were the propositions before the court for adjudication, and were tried by the court without a jury. The court found for the plaintiff on all the material issues, and entered a decree of foreclosure of said chattel mortgage. There was a motion for new trial, which was denied. This appeal is from the judgment and order denying motion of defendants Rickert and Widmaier for a new trial. From the foregoing statement it appears, as appellant contends, that by his answer he tenders two separate defenses: (1) That the plaintiff is estopped from proceeding with this action; and (2) That respondent by this action is attempting to foreclose its lien upon only a portion of the property which is held as security for the payment of the note referred to herein. The action was commenced on October 27, 1913. The agreement just referred to was executed on November 17, 1913.

This case must stand or fall by the proper construction placed on the said contract, i. e., whether that contract is an *"executed contract"* or an *"executory contract."* If the former the judgment entered was error. If the latter then the judgment here is correct. The agreement, by its own language, tells us the class to which it belongs. It says: ". . . the said first party . . . agreeing in consideration of this agreement, *and what hereafter follows,* to withdraw foreclosure proceedings," etc. The italicized words, "and what hereafter follows," refer to, or rather embrace, certain executory covenants on the part of Rickert and Widmaier, and by them to be performed. The performance of these covenants, so to be performed by said Rickert and Widmaier, as well as "this agreement," constituted the consideration for respondent's agreement to dismiss the action. For this reason the consideration for respondent's agreement to dismiss was, in part at least, executory. We have no difficulty in giving the contract this construction, regardless of the evidence; but when viewed in the light of all the evidence before us, any doubt which might have existed disappears.

From the evidence here it conclusively appears, without conflict, that "the cardinal thing" that led the Mission Brewing Company to enter into the contract was the promise of the defendant Rickert to use their beer in Los Angeles;

and, according to the testimony of the same defendant, he never used any of their beer in Los Angeles. To the question: "Have you ever used their beer in Los Angeles?" he answered: "No, because I could not get the amount of money they want put up—this brewery I was indebted to in Los Angeles." Nowhere in the record is this contradicted. On this point alone plaintiff was entitled to judgment.

The point is made by appellant that the failure of the court to find on issues presented by him in his special defense made necessary a re-examination of the "issues," and that consequently the defendant Rickert was entitled to a new trial. The point is not well taken. It has been repeatedly held that "even when the court has omitted to find upon a *material issue* a new trial will be denied if on the evidence the findings must have been adverse to the party asking a new trial. By parity of reasoning a new trial may be denied if a finding in favor of the party asking a new trial (upon a particular issue) could not have changed the result." (*Gates* v. *McLean,* 70 Cal. 42, [11 Pac. 489]; *Hoover* v. *Wasson,* 11 Cal. App. 596, [105 Pac. 945].) The evidence, as has already been stated, shows conclusively that defendants never complied with their part of said contract, and hence, they have never been at the place where the withdrawal of the foreclosure proceeding could have been rightfully demanded by them.

Appellant contends that the clause in said contract (Defendants' Exhibit "A"), providing that plaintiff would withdraw the proceeding to foreclose—in other words, would dismiss the action on condition that defendant should use the beer of the Mission Brewing Company in Los Angeles— is void and not binding upon defendants. He admits he did not comply with this part of it. He then argues that that clause is "separate and distinct" from the provisions concerning the withdrawal of the foreclosure proceeding; hence the entire agreement is not rendered void by the above provision alone. Here appellant is seeking to enforce respondent's promise to dismiss the action—a promise that is based partly upon legal consideration and partly upon the alleged illegal consideration. The rule is that the separation of the good consideration from that which is illegal will not be made where the party seeking to enforce the contract is him-

self the one who has made and breached the illegal consideration. (*Saratoga County Bank* v. *King,* 44 N. Y. 87; 13 C. J., pp. 512, 513, sec. 470.) If there are several considerations for one promise, some of which are legal and others illegal, the promise is wholly void, as it is impossible to say which one of the considerations induced the promise. (13 C. J., p. 513, sec. 471.)

Another point urged by appellant is that respondent here is not entitled to a deficiency judgment against appellant, for the reason that it foreclosed its mortgage only on a portion of its security. This is based on the presumption that appellant's theory of the case has been sustained by the evidence. This is not the case. The respondent could not have legally resorted to the foreclosure of this "other property" without, by so doing, recognizing the contract, Defendants' Exhibit "A." It has not done so. It has been kept from so doing by appellant's failure to perform his part of the contract. Respondent was, therefore, strictly within its rights in disregarding the said "agreement" and proceeding with the foreclosure according to law. Assuming, without so holding, that the respondent did in fact hold this "other property" as security for the payment of the note here sued upon, still this "other property" need *not* be exhausted before deficiency judgment can be entered. Its assignment was a contract of hypothecation, and an action to foreclose which is not an action for the recovery of the principal debt. (*Merced Bank* v. *Cosaccia*, 103 Cal. 641, [37 Pac. 648]; *Ehrlich* v. *Ewald*, 66 Cal. 97, [4 Pac. 1062]; *Savings Bank of St. Helena* v. *Middlekauff*, 113 Cal. 463, [45 Pac. 840]; *McArthur* v. *MaGee*, 114 Cal. 126, [45 Pac. 1068]; *Hawley* v. *Brownstone*, 123 Cal. 643, [56 Pac. 468]; *Kraft* v. *Bryan*, 140 Cal. 73, [73 Pac. 745].)

In view of what has been said we think it unnecessary at this time to pass upon the point raised by respondent, viz., that the defendant Ralph M. Piwald has not been made a party to this appeal, not having been served with any of the notices "required for the motion for a new trial, nor on appeal; nor has a copy of appellant's brief, as required by rules of this court"—and we refrain from so doing. This phase of the case renders immaterial the other points discussed on this appeal.

The judgment and the order of the court denying the motion for a new trial are, and each of them is, hereby affirmed.

Finlayson, P. J., and Sloane, J., concurred.