[Civ. No. 6457.   Second Appellate District, Division Two.—February 5, 1931.]

UNITED SECURITY BANK AND TRUST COMPANY (a Corporation), Respondent, v. H. T. HADEN et al., Defendants; PETERS–RHOADES COMPANY (a Corporation), Appellant.

Tanner, Odell & Taft for Appellant.

Everts, Ewing, Wild & Everts and A. W. Carlson for Respondent.

CRAIG, J.—The defendant Peters-Rhoades Company, a corporation, appeals from a judgment in favor of the plaintiff for a balance alleged to have been due upon a promissory note secured by deed of trust, after foreclosure and sale of the real property, and application of the proceeds toward payment of the indebtedness.

It appears from the complaint that the defendants Haden were in 1919 the owners of certain realty which they deeded in trust to two named trustees as security for the payment of their promissory note to the bank in the sum of $64,000. Said note was dated September 16, 1919, was payable on November 1, 1924, and recited, in part: " . . . and in default of the payment of the interest aforesaid, or any instalment thereof, then the whole note may at the option of the holder, and without notice to the makers, become due and payable, and may be treated as collectible. . . . If this note is not paid at maturity, it is hereby renewed from year to year, at the option of the holder, until paid, and during such year the makers shall not have the right to pay the same unless by consent of holder."

The plaintiff alleged that thereafter the debtors conveyed all of their right, title and interest in said property to their children, in trust nevertheless, and retaining full dominion and control thereof; that subsequently thereto, and at the special instance and request of the owners and for their benefit, said children deeded the same to the appellant; that in these latter deeds "it was provided that the said grantee . . . should and would assume a personal liability to pay the indebtedness against the property as evidenced by the . . . note . . . and the said grantee Peters-Rhoades Company did accept said instrument of conveyance subject to said obligation, and did thereupon and thereby assume and agree to personally pay the full amount of said indebtedness, both principal and interest". Further allegations, briefly stated, aver that the Hadens failed and neglected to pay the interest due on November 1, 1924, and the principal due on said date, because of which the plaintiff, owner of the note, made due application to the

surviving trustee for a sale of the premises, and caused notices of default to be recorded, all in accordance with the terms of the deed of trust; that thereafter said trustee published in a newspaper of general circulation in the proper town and county, and posted in three public places and on the property, notices of the time and place of sale; that at such time and place the property was offered at public auction to the highest bidder, and was sold to the plaintiff for the sum of $40,000; that after payment of certain costs and expenses which are specifically enumerated, there remained a balance of $24,040, which was delivered to the payee of the note on account, leaving a balance of $39,060 due and unpaid.

Following the trial and upon the evidence adduced, the trial court made its findings of fact wherein it was recited that the denials of the defendants upon each of said issues were untrue, and the allegations of the complaint were therein restated, and found to have been true. The court found that the sale of said property was fairly and regularly conducted by the trustee, in the manner provided by law and in accordance with the provisions of the deed of trust, and that due notice of the sale was properly and legally given by publication and posting. Upon the special defenses interposed by the defendants it was found that it was not true that the appellant agreed with the Hadens to purchase the property merely *subject* to the trust indebtedness, but that it agreed to assume and to pay the same; and that the provision therefor in the deeds of conveyance was inserted therein with its knowledge and consent; that the deeds were accepted by appellant, were inspected, and were recorded with its knowledge, consent and approval; that the indebtedness had not been discharged; that on May 14, 1928, H. T. Haden was duly adjudicated a bankrupt, had been discharged therein, and that said discharge was filed in this action.

Appellant's attack upon the judgment is clothed in technicalities which when reduced to their last analysis plainly render them suitable only for the cognizance of a trial court, rather than of such character as to present grounds for relief upon appeal. This appeal is upon the judgment-roll alone. The first group of asserted errors consists of complaints as to a failure to comply with as-

sumed formalities prior to commencement of this action which the record may have fully refuted. None of the evidence is before us. We must therefore assume that it was sufficient to warrant findings of fact and the judgment as rendered. It nowhere appears, nor does appellant contend, that the payee of the note extended the time for payment "from year to year", that demand upon appellant was requisite to a legal foreclosure of the deed of trust, or that the "notice of default" did not contain all of the elements necessary to such a proceeding; it does not appear that the deed of trust was not in the usual form, empowering either or both of the trustees to enforce it and to dispose of the proceeds of sale as alleged in the complaint; nor does it appear that the deed to the Haden children as trustees was invalid, nor that it was their intent or duty acting in the capacity of trustees to assume any indebtedness, or that their trusteeship was of a secret character which could or did prejudice the rights of appellant, their vendee, who assumed the indebtedness. It is argued that the deed of trust was not attached to the complaint, and that appellant does "not know whether it was really a deed of trust or a mortgage or whether it contained power of sale". These and other particulars are assigned as reasons for a mere suspicion that the trustee's sale prior to the institution of this action for a deficiency may have been invalid because, it is said, the complaint did not contain allegations that the necessities above mentioned did exist and that they had been observed to a technical nicety. But no demurrer was filed, the pleadings were accepted as sufficient, and "the evidence being completed on said 8th day of May, 1928, and from the evidence introduced, both oral and documentary, the court finds", that said sale was fair and regular as provided by law and in accordance with the provisions of the deed of trust which appellant has assumed to pay and satisfy. That an action may be maintained for an unpaid balance after sale of trust property, is unquestioned. The defendants presented the issue as to regularity of the sale by their pleadings, and in this and other respects the trial court found adversely to their contentions upon the evidence before it. It is not denied that the amount of such balance was correctly computed. Hence no error can be said to appear within

the purview of this appeal for correction. (*Herbert Kraft Co.* v. *Bryan*, 140 Cal. 73 [73 Pac. 745].)

▮ Notwithstanding appellant's agreement with Haden to assume and satisfy the indebtedness in controversy, it is objected that a certified copy of the latter's discharge in bankruptcy was erroneously received and made the basis of a finding after the trial was concluded, "and hence there is a conclusion of law that the judgment was not enforceable against him". We are not advised nor is it apparent to us that such error if committed could have altered appellant's status, since the contractual benefits and obligations of the parties were matters over which the trial court had no control.

▮ Finally, it is contended that the findings do not support the judgment for the reason that Haden's children as trustees and mesne conveyancers assumed no liability under the deed of trust, and that appellant was not alleged or found to have agreed with Haden so to do. It does appear by direct allegation that said children acting merely as trustees for and on behalf of Haden, and at his special instance and for his benefit, received and conveyed to Peters-Rhoades Company all of the right, title and interest of the owner and vendor. It further appears by unmistakable terms in the eleventh finding of the trial court that "Peters-Rhoades Company agreed with the defendants Haden [the original owners] in connection with the purchase of said real property to assume and pay the said indebtedness against said property represented by said promissory note". This being true, the allegation or proof of the duties or obligations of the vendors' agents became immaterial. In the absence of reversible error, asserted inequitable factors in personal transactions of the parties do not lie within the curative province of an appellate tribunal, as suggested by the appellant.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.