[Civ. No. 8596. Second Appellate District, Division One.—May 13, 1935.]

ROBERT BROMBERG, as Trustee in Bankruptcy, etc., Respondent, v. J. A. BROWER, Appellant.

Walter F. Haas, H. C. Johnston and Gerald E. Kerrin for Appellant.

Raphael Dechter and Russell B. Seymour for Respondent.

YORK, J.—This is an action brought by Alois Mesmer, receiver in equity of the Vernon Oil Refining Company, to collect a certain unpaid note dated October 6, 1931, for the sum of $25,924.55, signed by defendant Brower and made payable to said Vernon Oil Refining Company. Defendant denied the note constituted a part of the assets of the oil company, and denied that the receiver had any right, title, interest or estate therein, and he alleged that he had deposited with the Citizens National Trust & Savings Bank of Los Angeles, 787 shares of Texas Corporation as collateral security for payment of this note, and that no effort was made by the receiver to enforce said collateral or sell the same and apply the proceeds of sale on said note.

Appellant's statement of the question involved in this appeal is as follows: "Can a receiver of an indemnitee enforce payment on a collateral promissory note given to indemnify against loss, when no detriment or loss has been suffered by the indemnitee or his receiver?"

In addition to this statement, appellant sets out in his brief a statement showing his grounds of appeal as follows:

1. That the finding of the court to the effect that the principal amount of $25,924.55 or interest has not been paid and the whole now remains due and unpaid, is contrary to and unsupported by the evidence.

2. That the finding of the court to the effect that the principal amount of $25,924.55 and interest is now due from the defendant to plaintiff, is contrary to and unsupported by the evidence.

3. That the court erred in overruling the defendant's objection to the introduction of any evidence at the trial herein.

4. That the court erred in signing and filing the findings of fact and conclusions of law submitted by plaintiff and as amended by the court, and in not signing and filing in lieu thereof the findings of fact and conclusions of law submitted by the defendant.

5. That the judgment entered herein is contrary to law.

6. That said judgment is not supported by and is contrary to the evidence.

■ There is sufficient evidence in the record to show that, although defendant Brower and one W. N. Brower, an officer of said Vernon Oil Refining Company, testified to a certain limitation as to the giving of the note, in that they claimed said note was given only by way of indemnity, nevertheless, such oral testimony was not sufficient to offset the written terms of the note itself. The evidence also shows that after said note was delivered to the oil company, the said corporation used it to obtain credit, and included it in its statement of assets for that purpose, at a time when said witness W. N. Brower and the appellant were both directors of said corporation.

■ Regarding appellant's points one and two, attacking findings of fact, and specifying that the evidence does not support the finding that the amount of the note, principal or interest, has not been paid, and that the evidence does not support the finding that said amount of principal and interest is now due and unpaid, it is conceded that there has been no payment. That the note was due as alleged in the complaint, appears from the fact that the note, dated April 6, 1931, was a promise to pay "6 months after date". Thus appellant's objection to these findings is reduced to the single proposition that the note, although unpaid, was not due. The claim that the note was not due rests on the further claim that the note was not to become due at all, unless first the maker was required to and did pay the preexisting debt of Brower to Citizens National Trust and Savings Bank. However, the court found (and this finding stands unchallenged) that in consideration of the note on which suit is brought herein, the payee assumed and agreed to pay to the bank said prior indebtedness of Brower to the bank "which said personal indebtedness to said bank was thereupon discharged." The case is not different in effect from what it would be if in consideration of the note in suit, the money had been delivered by the payee to Brower, and used by him to pay his debt to the bank; except, perhaps, that Brower's deposit of collateral is a circumstantial difference. ■ In this connection, in the absence of statute or stipulation to the contrary, the possession of pledged personal property does not suspend the right of the pledgee to proceed personally against

the payor for his debt without selling the pledged personal property. (*Stern* v. *McDonald,* 47 Cal. App. 79 [190 Pac. 221].)

We will have to assume, in the absence of a showing to the contrary appearing in the record, that there was evidence to support these findings as drawn by the trial court.

■ As to appellant's point three, that the court erred in overruling defendant's objection to the introduction of any evidence at the trial, said objection being based upon the grounds that the complaint failed to state a cause of action against appellant, and that respondent did not show the necessary legal capacity to sue, the record shows that appellant interposed a demurrer, which was overruled, the grounds of which, among others, included the grounds upon which the above objection was based. Further than that, there was introduced into evidence a copy of the order of court appointing plaintiff receiver of the oil company, from which the court found that the plaintiff was the duly appointed receiver of the Vernon Oil Refining Company, and that as such receiver said plaintiff was duly authorized to bring and defend suits or proceedings relative to the assets or estate of said company. It therefore appears to us that there is no merit in appellant's third point.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.