[Civ. No. 10013. Second Appellate District, Division One.—June 8, 1936.]

EDWARD L. JOURNIGAN et al., Respondents, v. MINNIE E. STENZEL, as Administratrix, etc., et al., Appellants.

John C. Packard for Appellants.

Vernon W. Hunt and Richard E. Reese for Respondents.

HOUSER, P. J.—From the record herein, in substance it appears that some time prior to the date on which the action which furnishes the foundation for the appeal herein was commenced, the defendants borrowed $12,000 from plaintiffs, for which sum defendants gave to plaintiffs their promissory note; and as security for said loan and promissory note, made and delivered to a trustee, for the benefit of plaintiffs, de-

fendants' trust deed to certain real property that was improved as a walnut grove, together with a certificate for certain shares of stock in a water company, by reason of which defendants became entitled to and did procure water for the necessary irrigation of said walnut grove. In the course of events, default in the payment of the promissory note having occurred, on demand of plaintiffs, the trustee sold the real property only for a sum considerably less than the amount due on account of the indebtedness represented by the promissory note. Thereafter, plaintiffs commenced the instant action against defendants to recover a deficiency judgment against them for the difference between the amount due on the promissory note and the amount realized by plaintiffs upon the sale of the walnut grove.

On the trial of the action, pursuant to notice theretofore given by defendants to plaintiffs of defendants' intention so to do, the latter offered to amend their answer to the complaint in two particulars, namely:

(1) That in the ''foreclosure'' of the trust deed, by causing the real property only to be sold, plaintiffs had violated the agreement made by the parties to the effect that in the event of ''foreclosure'' the real property *and* the water stock would be sold together; and that because of such breach of contract, on the sale of said real property, it had not brought the price that would have been received for it, and thereupon have been creditable on the promissory note, that would have been realized had the said provision of the said agreement not been violated by plaintiffs.

(2) That (as in substance was alleged) because after a default judgment against defendants had been taken in the instant action and said judgment thereafter had become a lien upon or against the property of defendants, in consideration of an agreed or stipulated lien to the same legal effect as was created by and in consequence of said judgment, it had been agreed and stipulated by the parties that in order that defendants might appear and defend in the action, the said judgment and default be vacated, but that the said later and stipulated lien would stand as security for any judgment that thereafter might be recovered in the action, ''said lien to expire on the entry of judgment either for or against said Stenzels'' (defendants);—the said defendants asserted that for the reason that under the provisions of section 726 of the

Code of Civil Procedure but one action may be maintained to foreclose a mortgage, and that the security given may not be waived,—before the plaintiffs were entitled to maintain the instant action (if at all), it was necessary that the lien created and arising by the agreement or stipulation of the parties be first foreclosed.

Appellants specify prejudicial error in that the objection by plaintiffs to the filing of defendants' said proposed amendments to their answer was sustained by order of the trial court.

With reference to the situation embraced within the facts as outlined in the first proposed amendment to defendants' answer, the authorities indicate with precision that where personal property is pledged as security for a loan, the pledgee may sue on the obligation without foreclosing on the property pledged. (*Savings Bank of St. Helena* v. *Middlekauff*, 113 Cal. 463 [45 Pac. 840]; *Ehrlich* v. *Ewald*, 66 Cal. 97 [4 Pac. 1062]; *Sonoma Bank* v. *Hill*, 59 Cal. 107; *In re Bank of Oakley*, 131 Cal. App. 203, 206 [21 Pac. (2d) 164]; *Mission Brewing Co.* v. *Rickert*, 39 Cal. App. 668, 673 [179 Pac. 720]; *Commercial Sav. Bank* v. *Hornberger*, 140 Cal. 16, 20 [73 Pac. 625]; *Bank of America* v. *Schumacher*, 6 Cal. App. (2d) 651 [45 Pac. (2d) 239]; *Bromberg* v. *Brower*, 6 Cal. App. (2d) 699 [44 Pac. (2d) 1063].)

In view of such decisions it should follow that whatever legal rights may have accrued to defendants in the premises were not presentable by them in the instant action.

As to the second proposed defense, it appears that the stipulation by which the lien in question was created was entered into after the instant action was commenced; that such lien was to operate only until judgment should be rendered in the instant action, at which time the stipulated lien was to expire automatically. In such circumstances, it would have been impossible for plaintiffs to foreclose such lien. It therefore follows that the contentions presented by appellants in that regard cannot prevail.

Finally, appellants urge the point that prejudicial error was committed by the trial court in sustaining objections that were interposed by plaintiffs to questions propounded by defendants on cross-examination of plaintiff Edward L. Journigan.

It may be remembered that the action was brought for the purpose of recovering a judgment for the difference in amount

between that due on the promissory note and the amount realized on the trustee's sale of the walnut grove. As a witness in his own behalf, Journigan had testified that other than the sum of $50 interest which he had received in payment on account of the loan, nothing had been paid. On cross-examination, the trial court sustained objections that were interposed by plaintiffs to questions propounded by defendants to the witness, which questions, if answered, according to defendants' "offer of proof" (which also was denied), would have established the fact that "payments were subsequently made on the note by the acceptance of the water stock under a collateral agreement. . . . "

It should be clear that if the amount due on the promissory note was reduced, either by the payment of money or by the "acceptance of water stock", or of any other thing of value, the defendants should have been permitted to prove that fact, in order that the judgment, if any, that thereafter might be rendered against them would be reduced in amount, either in accordance with the price agreed upon by the parties, or, if not so agreed, by its market value. For aught that appears herein, the water stock may reasonably have been worth, and may have been accepted by plaintiffs in full satisfaction of, the amount due on the promissory note; or, possibly at some lesser amount. The amount of such assumedly possible credit on the obligation, to which defendants may have been entitled, may have been great, or comparatively small; but in any event, in the existence of either of such situations, manifestly defendants should have the benefit thereof.

The judgment is reversed.

York, J., and Doran, J., concurred.