## WELLS FARGO BANK & UNION TRUST CO. v. McDUFFIE et al.

### No. 8232.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1937.

Rehearing Denied March 22, 1937.

Lawrence C. Baker, Lloyd W. Dinkelspiel, and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for appellant.

Homer D. Crotty, David P. Evans, and Gibson, Dunn & Crutcher, all of Los Angeles, Cal., for McDuffie.

Harry L. Dunn, Clinton LaTourrette, and O'Melveny, Tuller & Myers, all of Los Angeles, Cal., for Security-First Nat. Bank.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

GARRECHT, Circuit Judge.

On July 12, 1930, the appellee Richfield Oil Company of California borrowed the sum of $625,000 from appellant for which it executed and delivered to appellant its promissory note of even date. This note was unsecured at the time of its execution.

Later, appellant's foreign department entered into a series of transactions with Richfield involving the latter's foreign drafts. Appellant, as a result of these transactions, received the possession of a large number of these drafts, during the period commencing with the early part of October, 1930, and ending with the appointment of appellee, William C. McDuffie as receiver of Richfield on January 15, 1931.

In the early part of April, 1931, appellant filed its claim with the receiver based upon the promissory note executed by Richfield as aforesaid. Since through inadvertence this claim failed to set up the lien which appellant claimed upon the aforementioned foreign drafts, an amendment to the claim was filed in May, 1931, pursuant to an order of court. This amendment contained allegations describing the nature of the lien claimed. The proceeds of the drafts held by appellant which are here material were received by appellant after the filing of its amended claim. These proceeds totaled $144,758.-79. Immediately upon their receipt appellant applied them to the Richfield note indebtedness. This precipitated the litigation which culminated in the decision of this court, Wells Fargo Bank & Union Trust Co. v. McDuffie, 71 F.(2d) 720, 722.

Briefly stated, this decision held that appellant was entitled to apply the proceeds of part of the drafts in the sum of $119,850.75 toward the satisfaction of the promissory note.

After this decision the question arose as to whether appellant was entitled to satisfaction of the balance of the Richfield indebtedness by the receipt of dividends under the "equity rule," or was to be confined to the "bankruptcy rule." The special master, appointed to hear claims in the Richfield receivership proceeding, filed his report on appellant's claim in which he concluded that appellant was entitled to dividends under the equity rule, calculated upon the total amount of principal and interest due at the time of the receiver's appointment, or $629,778.78.

Exceptions to this report having been filed, the District Court made its order sustaining these exceptions, and reducing the amount upon which appellant was entitled to receive dividends to the difference between the total indebtedness of Richfield and the amount realized on the foreign drafts, or $485,019.99. It is from this order that this appeal is taken, appellant's position being that the equity rule should be applied to its claim.

Appellees insist that by certain decisions cited from the California courts the issues here presented have been determined in a manner favorable to their contention.

There is no California decision cited which deals with the question of the distribution of property in an equity receivership in California. This is probably due to the fact that the California decisions do not recognize the right of the unsecured creditor to maintain an equity receivership. All such receiverships are predicated upon liens, and are incidental to the foreclosure thereof.

Section 3006 of the California Civil Code provides: "A pledgee cannot sell any evidence of debt pledged to him, except the obligations of governments, states, or corporations; but he may collect the same when due." See Ehrlich et al. v. Ewald, 66 Cal. 97, 4 P. 1062; 21 Cal.Jur. 358; Halla v. Bank of America Nat. Trust & Sav. Ass'n et al., 6 Cal. App.(2d) 561, 45 P.(2d) 231; Spokane Security Finance Corp. v. Fidelity & Deposit Co. of Maryland, 182 Wash. 23, 44 P.(2d) 1036; Stern v. McDonald et al., 47 Cal.App. 79, 190 P. 221; Klever v. Hewins et al., 101 Cal.App. 295, 299, 281 P. 695.

Furthermore, in the case of Capital Savings & Loan Ass'n v. Olympia Nat. Bank, 80 F.(2d) 561, 568, we held that as to secured creditors' dividends the doctrine of the state courts is not controlling on the federal courts.

That decision also sustains the view "that the secured creditor is a creditor to the full amount due him when the insol-

**384**

vency is declared, just as much as the unsecured creditor is, and cannot be subjected to a different rule. And, as the basis on which all creditors are to draw dividends is the amount of their claims at the time of the declaration of insolvency, it necessarily results, for the purpose of fixing that basis, that it is immaterial what collateral any particular creditor may have." See, also, Merrill v. National Bank of Jacksonville, 173 U.S. 131, 19 S.Ct. 360, 43 L.Ed. 640; Aldrich v. Chemical Nat. Bank, 176 U.S. 618, 20 S.Ct. 498, 44 L.Ed. 611; Jenkins v. National Surety Co., 277 U.S. 258, 48 S.Ct. 445, 72 L.Ed. 874; Douglass v. Thurston County (C.C.A.) 86 F.(2d) 899.

■ The District Court allowed the claim for $485,019.99 "as an unsecured claim." In reaching this conclusion the court found in effect that $144,758.79 had been paid on the claim. Appellant contends that the claim should have been allowed for the full amount of $629,778.78. If the claim was so allowed, the question of the amount of dividends to which the claimant was entitled would have to be determined at the time of distribution of the estate, as the order of allowance makes no provision in regard to payment. This brings us to consider another question injected into the case by appellees' brief, the facts as to which are not denied by appellant and of which this court from its own records has judicial knowledge, to wit, that the Richfield Oil Company has filed a petition under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

■ It follows that if dividends are paid upon the claim in the bankruptcy proceedings the distribution will be under the rule which obtains in bankruptcy matters and payments of dividends will be upon the balance only and not upon the total claim.

The effect of a proceeding under section 77B upon an equity receivership is discussed at length in Re Trustees System Discount Co. of Chicago (C.C.A.7) 85 F.(2d) 467.

■ If the only question was as to the application of the equity rule in the equity receivership, a different result might be reached. However, in view of the pendency of the proceedings in bankruptcy under section 77B, the order of the District Court must be affirmed.