## BAUM v. GEE et al.

No. 3970.   Decided March 7, 1924.   (224 Pac. 440.)

JUDGMENT—JUDGMENT FOR PLAINTIFF IN ACTION TO QUIET TITLE HELD TO BAR SUBSEQUENT ACTION BY DEFENDANT FOR SPECIFIC PERFORMANCE OF CONTRACT TO CONVEY. A judgment in favor of administrators quieting title in an interest in lands barred a subsequent action by one of the defendants for the specific performance of an oral contract to convey the whole tract, made by the decedents represented by the administrators, in view of Comp. Laws 1917, §§ 6576, 6577, relating to counterclaims.

Appeal from District Court, Fourth District, Utah County; *Elias Hansen,* Judge.

Action by Lafayette Baum against Elias A. Gee, administrator, etc., and others. Judgment for defendants, and plaintiff appeals.

AFFIRMED.

*Booth & Brockbank,* of Provo, for appellant.

*M. M. Larson,* and *J. H. McDonald,* both of Provo, for respondents.

CHERRY, J.

This is an action for the specific performance of an oral contract for the sale and conveyance of real property.

It is alleged that George Baum and Sarah E. Baum, both since deceased, on the 15th day of September, 1912, sold and agreed to convey to plaintiff the premises described in the complaint upon certain terms and conditions by plaintiff to be performed; that plaintiff had performed and complied with all the terms and conditions of the contract on his part; and that possession of the premises had been delivered to him pursuant to the contract.

The defendants are the administrators, respectively, of the estates of George Baum, deceased, and Sarah E. Baum, deceased.

The prayer of the complaint is that defendants, as administrators, be required to convey the premises to the plaintiff.

The answer set up an alleged former adjudication as a bar to the plaintiff's action, which former adjudication, as alleged in the answer, was admitted by the reply of the plaintiff.

Upon motion of defendants the trial court granted judgment on the pleadings for defendants and dismissed the action. The plaintiff appeals.

The parties to the present action were parties to the former adjudication, and the title to the real estate now in controversy was a part of the subject-matter of the former action. The complaint in the former action alleged that the plaintiffs (defendants in the present action) were the owners of four-ninths of the real estate described and that the defendants (of whom the plaintiff herein was one) were the owners as heirs, etc., of the remainder; that defendants by virtue of certain deeds executed by George Baum and Sarah E. Baum, and alleged to be invalid, claimed title against plaintiffs to the whole of the property described, which claim was without right. Plaintiffs prayed for judgment that the deeds be set aside, that defendants be adjudicated to have no title in the premises other than as admitted in the complaint, and that plaintiffs' title be quieted and confirmed. The answer of defendant Lafayette Baum (plaintiff herein) denied the ownership of the plaintiffs as alleged in the complaint, and alleged that he was the owner of the whole of the title to the real estate described and that his deeds therefor, referred to in the complaint, were valid. The findings of fact were to the effect that the plaintiffs were the owners of four-ninths of the real estate, and the defendants, as heirs, etc., were the owners of the remainder; and that the defendants' deeds for reasons stated were invalid and of no effect. The conclusions of law were that the plaintiffs were entitled to a decree declaring the deeds invalid and of no force or effect and quieting the title of plaintiffs in the premises against the claims of the defendants under or by virtue of the deeds. By the decree the deeds were set aside and declared invalid, and the plaintiffs' title as alleged in the complaint was quieted and confirmed as against the claims of defendants under the deeds, and it was adjudged and decreed that the plaintiffs were the owners of four-ninths of the premises, and the defendants as heirs, etc., were the owners of the remainder.

The present action assails the title of defendants (plaintiffs in the former action) by virtue of the oral agreement set forth. The cause of action pleaded in the present case existed at the time of the former adjudication. The plaintiff claims

the right to assert his alleged title in the present action, notwithstanding the former judgment, because the particular grounds or basis of his title now set up was not formerly adjudicated.

Comp. Laws Utah 1917, § 6576, defines a "counterclaim" (so far as material here) to be:

"A cause of action arising out of the transaction set-forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Section 6577 provides that if the defendant omit to set up such a counterclaim neither he nor his assignee can afterwards maintain action against the plaintiff therefor.

The plaintiff's claim to the property involved, as set up on the present action, existed in his favor at the time of the former adjudication, and it was directly connected with the title to the property in controversy, which was the subject of that action. If it had been pleaded and proved in the former action, it would have defeated the claim of the plaintiffs, and entitled him to the same relief which he now prays for as plaintiff in the present action.

We think the provisions of the statute quoted are conclusive of the matter in dispute and preclude the plaintiff from now asserting the cause of action set up in his complaint. It follows that the judgment on the pleadings was correct.

Judgment affirmed.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.