## READER v. DISTRICT COURT OF FOURTH JUDICIAL DISTRICT IN AND FOR UINTAH COUNTY et al.

No. 6139.   Decided October 17, 1939.   (94 P. 2d 858.)

1

Judgment ordered vacated and set aside and cause remanded.

*Thomas & Thomas,* of Salt Lake City, for plaintiff.

*Mary Alice Meagher,* of Salt Lake City, for defendants.

PER CURIAM.

This case is here on a writ of certiorari issued by this court to the district court of the Fourth Judicial District, and N. J. Meagher, to review a foreclosure proceeding in which the lower court entered a decree of foreclosure against certain property and granted a deficiency judgment in favor of N. J. Meagher and against J. Harold Reader and others. Defendant, N. J. Meagher has failed to file a brief herein. The facts are as follows:

N. J. Meagher was the holder of seven promissory notes, each dated November 1, 1920, and totaling $50,000. J. Harold Reader, plaintiff in this case, Ray H. Reader, and J. H. Reader, signed as co-makers. On November 29, 1921, approximately one year later, the Sunshine Ranch Company, a Utah corporation, gave as security on the notes, a mortgage on its real estate. Meagher brought suit on the notes in the district court. He sought to foreclose the mortgage and asked for a deficiency judgment against the makers. A judgment for the sum of $76,260.20 was entered on November 19, 1937, together with a decree of foreclosure, providing for a deficiency judgment in the event the proceeds of the sheriff's sale were insufficient to satisfy the judgment.

The sale of the property resulted in a deficiency of $51,-275 and on January 8, 1938, judgment for this amount was docketed against the Sunshine Ranch Co., J. Harold Reader, plaintiff herein, and Ray H. Reader, one of the co-makers, J. H. Reader, the remaining co-maker, having died.

It is the contention of plaintiff that the judgment and decree of the lower court are a nullity for the reason that the service of summons on the Sunshine Ranch Company was insufficient to confer jurisdiction on the court. The defendants in the mortgage foreclosure action did not appear and judgment was entered against them by default. If the court did not acquire jurisdiction over the corporation the judgment is void.

Revised Statutes of Utah 1933, Section 104-5-11, as far as applicable to this case, provides as follows:

"The summons *must* be served by delivering a copy thereof as follows:

\* \* \* \* \*

"(5) If the defendant is a domestic corporation, to the president or head of the corporation, secretary, treasurer, cashier or managing agent thereof. If no such person can be found within the state, then upon a director of the corporation found within the state." (Italics added.)

Summons in due form was issued upon the complaint and delivered to the sheriff of the county for service. The manner of making service, as shown by the sheriff's return, was as follows:

"Sheriff's Return of Service of Summons.

"State of Utah⎰ ss.
"County of Uintah⎱

"I, J. Emery Johnson, Sheriff in and for Uintah County, State of Utah, hereby certify that I received the within summons on the 28th day of September, 1937, and that I served a true copy of the same with a copy of the complaint attached thereto on the defendant, J. Harold Reader, personally, and *I also served a true copy of the within summons and copy of the complaint attached thereto on J. Harold Reader as Secretary of the Sunshine Ranch Company, a corporation, by delivering the same to and leaving with, Ella Reader, who is a suitable person, over the age of 14 years, and wife of the defendant,*

*J. Harold Reader, said service was made at the home and usual place of abode of the defendant,* in Uintah County, Utah, on the 29th day of September, 1937. (Italics added.)

"I further certify that at the time these services were made I indorsed on each of the copies of summons so served the day and date of service and signed the same in my official capacity.

Sheriff's Fees

| | |
|---|---:|
| Service | $2.00 |
| Mileage | .20 |
| | $2.20 |

"Paid 9/30/37      J. Emery Johnson,
"J.E.J.      Sheriff, Uintah County, Utah."

Plaintiff challenges the sufficiency of the service upon two grounds: (1) That the return does not state that the corporation was served, but shows that J. Harold Reader, its secretary, was attempted to have been served; and (2) that the service was not in accordance with the provisions of Revised Statutes of Utah 1933, Sec. 104-5-11(5), as set out above.

In sustaining the second contention, it will not be necessary to pass upon the merits of the first.

In 21 R. C. L., page 1335, Sec. 85, is found the following rule as to service on a corporation:

"A corporation, being an artificial person, can be served with process only through its officers or agents. At common law, service was made on such head officer of a corporation as secured knowledge of the process to the corporation. The law in this regard is now generally regulated by statute in the several states, and the general form of such statutes is to require service on some particular officer of the corporation * * * and in order to bind the corporation the service must be on the identical agent provided for. * * *"

A strict compliance with the statute is necessary to confer jurisdiction of the court over a corporation. 6 Bancroft, Code Pr. & Rem., p. 5911, states the rule:

"The method of service prescribed is exclusive and must be followed."

In the case of *Boston Acme Mines Development Company* v. *Clawson,* 66 Utah 103, 240 P. 165, 173, this court adopted the same rule in the following statement:

> "The agent upon whom service is made must be such as is named in the statute; otherwise the service is insufficient."

There can be no question but that the sheriff sought to serve the corporation by serving its secretary, J. Harold Reader. The return of the sheriff, above quoted, indicates such an intention. The return also indicates a failure on the part of the sheriff to serve Reader, but does show that the service was made on one Ella Reader, wife of the secretary. No such service was contemplated by the statute.

In *Boston Acme Mines Development Co.* v. *Clawson,* supra, the case of *Settlemier* v. *Sullivan,* 97 U. S. 444, 24 L. Ed. 1110, is approved by this court:

> "While the case is not a corporation case, the rule above stated undoubtedly applies. Service of summons in that case was made upon defendant's wife. The opinion by Mr. Justice Field states the terms of the statute which in principle are the same as the Utah statute as far as the present question is concerned. We quote the following from the opinion: '* * * Service upon the wife of the defendant was not service upon him. No theoretical unity of husband and wife can make service upon one equivalent to service upon the other. Personal citation to the defendant, or his voluntary appearance, is the essential preliminary to a purely personal judgment. The statute of the state in force at the time required service in cases other than those brought against corporations, or persons laboring under some disability, as minors, or as being of unsound mind, to be made by delivering a copy to the defendant personally or, if he could not be found, to some white person of his family above the age of fourteen years, at his dwelling house or usual place of abode. If it be admitted that substituted service of this kind upon some other member of the family is sufficient to give the court jurisdiction to render a personal judgment against its head, binding him to the payment of money or damages, it can only be where the condition upon which such service is permissible is shown to exist. The inability of the officer to find the defendant was not a fact to be inferred, but a fact to be affirmatively

stated in his return. The substituted service in actions purely in personam was a departure from the rule of the common law, and the authority for it, if it could be allowed at all, must have been strictly followed.' "

There is no provision in Sec. 104-5-11, R. S. U. 1933, for a substitute service of summons upon corporations, such as prevails in the case of personal service. Obviously, any attempt to extend such service on the part of the sheriff goes beyond the purpose and intent of the statute. It is our opinion that the court did not acquire jurisdiction over the Sunshine Ranch Company, and the judgment rendered against it is void.

A further question in this case is whether or not the judgment as to J. Harold Reader is also void because the lower court had no jurisdiction over the corporation. We think it is.

Revised Statutes of Utah 1933, Sec. 104-55-1, deals with the foreclosure of mortgages, and contains the following:

"There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. * * *"

Under this provision, the remedy which Meagher had was first to foreclose the mortgage. The remedy is exclusive. *Blue Creek Land & Livestock Co.* v. *Kehrer,* 60 Utah 62, 206 P. 287; *Coburn* v. *Bartholomew,* 50 Utah 566, 167 P. 1156; *Salt Lake Inv. Co.* v. *Stoutt,* 54 Utah 100, 180 P. 182; *Hammond* v. *Wall,* 51 Utah 464, 171 P. 148; *Jensen* v. *Lichtenstein,* 45 Utah 320, 145 P. 1036. See also *Boucofski* v. *Jacobsen et al.,* 36 Utah 165, 104 P. 117, 26 L. R. A., N. S., 898.

The failure of the court to obtain jurisdiction over one of the indispensable parties rendered the judgment as to all of them void. The rule as to necessary parties is clearly stated in the case of *Gaumer* v. *Snedeker,* 330 Ill. 511, 162 N. E. 137, 138, and approved in *Hoyt*

v. *Upper Marion Ditch Co. et al.*, 94 Utah 134, 76 P. 2d 234:

"Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests, the court should not proceed to a decision of the case upon the merits. * * *"

In *Mickelson* v. *Anderson*, 81 Utah 444, 19 P. 2d 1033, 1036, the mortgagee brought a separate suit to "bar" the grantee of the mortgagor from his interest in the property. The grantee was unintentionally omitted in the original foreclosure suit. The foreclosure was held void as to all the parties. The court had this to say:

"The foreclosure and sale were ineffectual to convey any title to respondent, the purchaser at such sale, because the only person who had any title to the property was inadvertently overlooked and not made a party to the suit. *Goodenow* v. *Ewer*, 16 Cal. 461, 76 Am. Dec. 540. The sale by the sheriff could be effective in conveying only the right, title, and interest which the parties defendant in that suit had in the mortgaged property, but nothing more. Such parties had no interest in the real estate, each, before suit, having conveyed the property by warranty deed. Thus, no interest in the realty was vested in the purchaser by the sheriff's sale. * * * Respondent, while seeking to foreclose her mortgage in the first action, failed to effect a foreclosure because the owner of the property was not a party to the action; hence the decree of foreclosure was void and of no effect as such."

The facts of the case of *Hoyt* v. *Upper Marion Ditch Company*, 94 Utah 134, 76 P. 2d 234, 240, are very similar to those in this case. Upper Marion Ditch Company as the owner and pledgor of the property (stock) was named with the other defendants in the suit, but was not served with summons and did not appear at the trial. The court held this:

"It is the duty of the security holder to exhaust the security before he can obtain a deficiency judgment against the indorser or maker. *Nat. Bank of Commerce* v. *James Pingree Co.*, 62 Utah 259, 218 P. 552; *Coburn* v. *Bartholomew*, 50 Utah 566, 167 P. 1156; *Barker* v. *Utah Idaho Central R. Co.*, 57 Utah 494, 195 P. 635; *Hammond* v. *Wall*, 51 Utah 464, 171 P. 148. The security holder cannot reasonably ex-

haust the security if at the foreclosure sale no one would buy it, because no one could get a title which would be worth paying 10 cents for, for the simple reason that the owner's interest would not be foreclosed. * * *"

Referring to the case of *Mickelson* v. *Anderson,* supra, the court further said:

"This case would seem fairly conclusive that where a pledgee or subpledgee fails to join a known owner, the judgment is void and must be set aside."

A condition precedent to the obtaining of a deficiency judgment is a valid sale on execution by the sheriff. Sec. 104-55-2, R. S. U. 1933, relates to deficiency ▉ judgment and execution:

"If it appears from the return of the officer making the sale that the proceeds are insufficient and a balance still remains due, judgment therefor must then be docketed by the clerk and execution may be issued for such balance as in other cases; but no general execution shall issue until after the sale of the mortgaged property and the application of the amount realized as aforesaid."

It follows from this that if the sale is void for want of jurisdiction, the deficiency judgment is also void. It is only after the security is exhausted that such a ▉ judgment may be rendered. *Howe* v. *Sears,* 30 Utah 344, 84 P. 1107; *Donaldson* v. *Grant,* 15 Utah 231, 49 P. 779; *Hoyt* v. *Upper Marion Ditch Co.,* supra.

It is ordered that the judgment be vacated and set aside and the cause remanded to the lower court. Costs to plaintiff.