## CAMPBELL v. PETER.

No. 6823.   Decided October 23, 1945.   (162 P. 2d 754.)

See 6 C. J. S., Assignments, sec. 125; 41 Am. Jur., 582.

*Gustin & Richards*, of Salt Lake City, for appellant.

*Golden W. Robbins* and *Willard Hanson*, both of Salt Lake City, for respondent.

WADE, Justice.

Campbell as the assignee of a judgment procured on October 16, 1937, by one Roy M. Leitzell against the appellant herein, brought an action to renew that judgment. Appellant answered, admitting the judgment but pleading as an affirmative defense that the judgment which had been obtained was a judgment in personam and that it was based on a promissory note given by him to one F. D. Spencer, which note was assigned to LeRoy M. Leitzell, who procured the judgment thereon. That prior to the execution of this note he had hypothecated with said Spencer a diamond ring of the appraised value of $1400 to secure a loan of $1000 made to him by Spencer; that this loan of $1000 was included in and became a part of the consideration for the promissory note which was assigned to Leitzell and which note was reduced by him to the judgment which respondent Campbell was seeking to renew. He asked the court to declare the judgment void because it did not comply with Sec.

104-55-1, R. S. U. 1933, now 104-55-1, U. C. A. 1943, because the judgment sought and obtained was one in personam and not for the foreclosure of the pledge. Appellant also alleged that the ring had never been returned or accounted for to him. He asked that Leitzell and Spencer be interpleaded as cross-defendants so the collateral could be accounted for. Respondent herein filed a general and special demurrer to this defense and the court sustained this demurrer.

At the trial of the case Spencer testified that if any money was collected on the judgment it would belong to him. Appellant thereupon moved for a non-suit on the ground that Spencer and not the respondent was the real party in interest. The court denied this motion and appellant assigns this as error.

We will not again go into the question of whether an assignee of a chose in action who holds merely for the purpose of collection is the "real party in interest." We have repeatedly held that he is. See *Wines* v. *Rio Grande Railway Co.,* 9 Utah 228, 33 P. 1042; *Chesney et al.* v. *District Court,* 99 Utah 513, 108 P. 2d 514; *Nelson et al.* v. *Smith et al.,* 107 Utah 382, 154 P. 2d 634. The court did not err in refusing to grant the non-suit on that ground.

A further assignment of error by the appellant is the court's ruling sustaining the demurrer to the affirmative portion of his amended answer relating to the existence of the pledge and the failure to foreclose it in the original action. He argues that the judgment obtained in the original action is void because the debt sued upon was secured and the action was not one of foreclosure.

Sec. 104-55-1, U. C. A. 1943, which is identical with Sec. 104-55-1, R. S. U. 1933, the statute in force when the original action was brought, provides that:

"There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. * * *"

It will be noted that this section refers to the enforcement of rights secured by mortgages and does not speak of "secured rights" generally. The question thus presents itself: Is a pledge a mortgage? We shall analyze this question as if it were one of first impression in this court.

In 14 C. J. S., Chattel Mortgages, § 1, a chattel mortgage is defined as

"* * * a conveyance of some present legal or equitable right in personal property, as security for the payment of money, or for the performance of some other act. It operates in some states to pass legal title to the mortgagee, but in other states merely to create a lien."

As defined in the American Law Institute, Restatement of the Law on Security, Sec. 1, page 5:

"A pledge is a security interest in a chattel or in an intangible represented by an indispensable instrument, the interest being created by a bailment for the purpose of securing the payment of a debt or the performance of some other duty."

A pledge is really one of the simplests forms of security. It is the passing of the possession of a chattel by the owner thereof to the pledgee who is thereby entitled to hold it until the debt is paid or the obligation performed. See 41 Am. Jur., Pledge and Collateral Security, Sec. 24; *Yeatman et al.* v. *New Orleans Savings Institution,* 95 U. S. 764, 24 L. Ed. 589.

A mere reading of the definitions of chattel mortgages and pledges is enough to make it apparent that these terms are not synonymous. A pledge to be valid depends upon possession by the pledgee or his agent, either actual or constructive, of the chattel at all times until the fulfillment of the obligation which it secures, with the exception that the pledgee may allow the pledgor to retain possession for a temporary and limited time and purpose. Possession is an essential element of a pledge and without it there can be no pledge. See, Restatement of the Law on Security, Sec. 11. This is not

true in the case of chattel mortgages. In fact, it is a matter of common knowledge that in this state at least, it is contemplated more often than not, that the possession of the chattel remain with the mortgagor.

We have made a diligent search of the authorities and have been unable to find any cases, with the exception of those decided by this court, to which cases we shall advert later, where it has been held that a pledge comes within the purview of a "one-action" statute such as our Sec. 104-55-1. California, Montana, Nevada and Idaho have statutes similar to ours, and in each of these states where the question has been presented as to whether a pledge or lien other than a mortgage lien comes within the provisions of such "one-action" statute, it has been held that it does not. See *Erlich v. Ewald*, 66 Cal. 97, 4 P. 1062; *Hawley Bros. Hardware Co. v. Brownstone et al.*, 123 Cal. 643, 56 P. 468; *Journigan v. Stenzel*, 14 Cal. App. 2d 484, 58 P. 2d 738; *In re Bank of Oakley*, 131 Cal. App. 203, 21 P. 2d 164; *State Savings Bank v. Albertson*, 39 Mont. 414, 102 P. 692; *Craig v. Burns*, 65 Mont. 550, 212 P. 856; *Nevada-Douglas Cons. Copper Co. v. Berryhill*, 58 Nev. 261, 75 P. 2d 992; *First Nat. Bank v. Commercial Union Assur. Co.*, 40 Idaho 236, 232 P. 899.

In *Coburn v. Bartholomew*, 50 Utah 566, 167 P. 1156, this court held that an escrow of water stock given to secure the performance of a contract came within the provisions of what is now Sec. 104-55-1, U. C. A. 1943, and in *National Bank v. James Pingree Co.*, 62 Utah 259, 218 P. 552, this court held that "pledges" came within the purview of this statute, which view was approved in *United States Fidelity & Guaranty Co. v. Malia, Bank Com'r*, 87 Utah 426, 49 P. 2d 954. In holding that a pledge was covered by this section we gave no reasons for overlooking the plain wording of this section, which clearly refers only to mortgages, but apparently substituted for the word "mortgage" used in this section, the words "secured debts." We are now of the opinion that this was error, and in so far as we have held that a pledge is affected by

this section, such case is hereby overruled. In *Stillman* v. *Lynch*, 56 Utah 540, 192 P. 272, this court for the purpose of taxation, recognized that not all secured debts are mortgages. We said therein on pages 546 and 547 of the Utah report, on page 274 of 192 P.:

"* * * As we read the statutes of Utah, a title retaining note is neither in fact nor in law a chattel mortgage. It has none of the characteristics, indicia, or elements of a chattel mortgage; except that of security. Nor is a conditional sales contract a mortgage. (Citing cases). A hotel or tavern keeper has a lien upon the baggage of his guest for board, lodging, and rent. He may retain possession of the baggage until the amount due * * * is paid, and, in case of nonpayment after thirty days, the debt thus 'secured' by a lien upon personal property may be foreclosed in the manner provided for the foreclosure of chattel mortgages. Such a lien is clearly a 'secured credit.' And so with every lien on personal or real property, unless it plainly and clearly comes within what the statute denominates a mortgage, it cannot be classed as a mortgage for the purpose of making it exempt from taxation."

It is our opinion this reasoning applies equally as well to a statute such as Sec. 104-55-1.

Appellant sought in this action to have the court offset the value of the pledged property against the judgment. He assigns the court's refusal to allow him to do this as error.

Respondent argues that since this is a suit on a judgment and the defense which appellant is attempting to interpose was available to him in the original suit, he is now precluded from asserting it in the present suit. This argument would have some weight if the defense were in fact available to appellant in the original action, since it arose out of the same transaction upon which the first cause of action was predicated. However, as we have stated above, an essential element of a pledge is the possession of the pledged property by the pledgee, and he is entitled to retain this possession until the objects for which the property was pledged have been fully accomplished. As stated in 41 Am. Jur., Pledge and Collateral Security, Sec. 99:

"The taking of collateral security for the payment of a debt does not, in the absence of a statute or stipulation to the contrary, afford any implication that the creditor is to look to it only or primarily for the payment of the debt. The obligation of the debtor to respond in his person and property is the same as if no security had been given, and upon default in payment, the pledgee may elect to sue the pledgor for his debt, without a sale of the security, and may recover a judgment in such suit against the pledgor for the amount of the debt, without destroying or in the least affecting his lien on the property pledged. And he is not required to return the security before bringing suit on the claim secured, in the absence of a special contract to that effect, although when that claim is satisfied he may be compelled to release or reassign the collaterals. * * *"

See also *Sonoma Valley Bank* v. *Hill*, 59 Cal. 107.

Since respondent, as pledgee, is entitled to retain the pledge until the debt which it secures is paid, it is apparent that unless the defendant in the original suit had tendered payment of the debt he could not have interposed a defense seeking an accounting of the pledge. However, the court did not err in sustaining the demurer to appellant's affirmative defense in the present action because he failed to plead that he had paid or tendered to pay the debt for which the security was being held, and he is in no better situation now than he would have been in the original action.

Affirmed. Costs to respondent.

McDONOUGH and WOLFE, JJ., concur.

LARSON, Chief Justice (concurring in part, dissenting in part).

I concur in affirming the judgment, but I vigorously dissent from that part of the opinion overruling *Coburn* v. *Bartholomew*, 50 Utah 566, 167 P. 1156; *National Bank* v. *James Pingree Co.*, 62 Utah 259, 218 P. 552; *United States Fidelity & Guaranty* v. *Malia, Bank Com'r*, 87 Utah 426, 49 P. 2d 954, holding that a pledge came within Sec. 104-55-1, U. C. A. 1943. The statute was so interpreted in

1917, and reiterated in 1923 and in 1935. During that period the legislature has met fifteen times, and has reenacted the section without change after the interpretation placed upon it by this court. To take the position now that such interpretation is wrong and put a new and different interpretation on the statute can be nothing other than judicial legislation. Especially is that so where the cause before us does not require or involve the construction of the statute. The prevailing opinion seemingly does not consider all of the statute in construing it. It apparently had its origin in 1888. See Comp. Laws Utah, 1888, Sec. 3460.S606. The next section 3461.S607 which is 104-55-4 U. C. A. 1943 makes it clear that the former section covers not only mortgages but liens and encumbrances. I do not understand the prevailing opinion to hold that a pledge is not in the nature of lien for security. When we read the whole statute, and not just one section, the argument in the opinion of Mr. Justice WADE, that the term "mortgage" does not cover all "secured debts," loses its potency. It becomes evident from the statute itself that the section covers not only mortgages but all liens and encumbrances.

I think, moreover, that construction of this statute is not necessary to a proper resolution of the issues herein presented. When Peters made his loan from Dr. Spencer, he secured the debt and the note evidencing the same by the pledge of the diamond. The note, not being paid, judgment was taken thereon without foreclosure of the lien of the pledge. The validity of this personal judgment is not involved. Its existence as a valid subsisting judgment is admitted by the pleadings, and in the present action, a suit to renew that judgment, defendant seeks to compel a resort to the security given for the original note. But the original obligation was merged in the judgment and thereafter ceased to exist. *Adams* v. *Davies,* 107 Utah 579, 156 P. 2d 207. A personal judgment on a secured obligation could only be taken upon exhaustion or loss of the security. *Bacon* v. *Raybould,* 4 Utah 357, 10 P. 481, 11 P. 510; *National Bank* v. *James Pingree Co.,* supra; *United States F. & G. Co.*

v. *Malia,* supra; *Smith* v. *Jarman,* 61 Utah 125, 211 P. 962; *Coburn* v. *Bartholomew,* supra; *Boucofski* v. *Jacobesen,* 36 Utah 165, 104 P. 117, 26 L. R. A., N. S. 898. Since the existence and validity of Leitzell's personal judgment is admitted, it must be assumed that if the debt upon which that judgment was taken had been secured, the security was worthless or had been exhausted. Since we have here as a cause of action a personal judgment, the validity of which is not challenged, the question as to whether there was security which must be exhausted before that personal judgment could be entered was settled and determined by the entry of that judgment. Since the question of security to be first exhausted could and should be urged and litigated in that action, it cannot now be raised. The right to a personal judgment, a judgment without security except the creditor's general assets, is res adjudicata. *Everill* v. *Swan,* 20 Utah 56, 57 P. 716; *Baum* v. *Gee,* 63 Utah 168, 224 P. 440. The right, therefore, of Campbell, plaintiff herein, as successor to Leitzell, the original judgment creditor, to renew that judgment as a personal judgment is evident.

Furthermore, when the creditor elected to take a personal judgment without resort to his security, he must be held to have waived the priority on the security, which then became a part of the general assets of the debtor, and subject to the claims of any creitor. Since the debtor acquiesced in such waiver, and the entry of the judgment, he cannot now be heard to say that the judgment creditor may not resort to any of the debtor's assets not exempt from execution.

If the debtor is dissatisfied with the present situation with respect to the diamond originally pledged as security for the note, he may pay the debt and claim return of the pledge; or he might institute an action to recover possession of the diamond as wrongfully withheld since there is now no debt for which it is security. As to whether in such independent suit, brought at the instance of the debtor, he could recover possession of the pledge without payment of his obligation we indicate no opinion. That question is not here.

But such procedure would probably provide an opportunity for determination of the question. Certainly the present action should not determine the right of either the creditor or the debtor to the possession of the diamond.

For the reasons herein indicated, and those only, I concur in affirming the judgment.

TURNER, Justice, concurs in the views expressed by Mr. Chief Justice LARSON.