EAST RIVER BOTTOM WATER CO. v. DUNFORD,
District Judge, et al.

No. 6837.   Decided April 4, 1946.   (167 P. 2d 693.)

See 18 C. J. S., Corporations, sec. 254; 13 Am. Jur., 405, 421. Estoppel to deny validity of issuance of stock as against bona fide purchaser, note 73, A. L. R. 1435.

*Christenson & Christenson,* of Provo, for plaintiff.

*Elias Hansen,* of Salt Lake City, and *J. C. Halbersleben,* of Provo, for defendants.

HOYT, District Judge.

This is an original proceeding for a writ of mandate. An alternative writ was issued and the defendants have appeared and filed demurrers and answers. The case grows out of a suit tried in the District Court of the Fourth District before the defendant district judge, which case was appealed to this court, the judgment reversed and the case remanded for further proceedings in conformity to the opinion. The opinion is reported in *East River Bottom Water Co.* v. *Boyce,* 102 Utah 149, 128 P. 2d 277. The petitioner herein asserts that the defendant district judge has failed to comply with the mandate of this court in that he has refused to sign findings of fact, conclusions of law and decree which were proposed by plaintiff and has permitted the defendant bank to file an amended counterclaim which petitioner asserts presents new issues.

In the case referred to the petitioner herein was plaintiff and one George L. Boyce and the State Bank of Provo were defendants. The suit was brought by the plaintiff, an incorporated water company, to obtain a decree cancelling in part certain certificates purporting to represent 14 shares of its stock held by the defendant bank. The plaintiff alleged that the certificates represented a duplicate issue as to seven shares and were void to that extent. It was alleged in the complaint that in 1917 one Peter Boyce, the then owner and holder of Certificate No. 7 representing seven shares of stock of the plaintiff corporation, fraudulently represented to T. E. Foote, secretary of the company, that said certificate had been lost and destroyed and, without surrender of the certificate said Boyce fraudulently persuaded the secretary to issue to him a new certificate, No. 56, for seven shares; that thereafter, in 1921, said Boyce fraudulently presented to H. R. Booth, then secretary of the plaintiff company, Certificate No. 7, and demanded issuance of a new certificate in lieu thereof; that said Booth, who then had no knowledge of the issuance of certificate No. 56 in lieu of said Certificate No. 7, issued to said Boyce a new certificate, No. 68, for seven shares of stock; that thereafter, in 1928, George L. Boyce, one of the defendants in the action, with full knowledge of the facts, fraudulently presented to the company secretary, H. R. Booth, said certificates No. 56 and 68, and demanded issuance to him of a new certificate for fourteen shares; that said Booth was ignorant of the fact that said certificates 56 and 68 were duplicate issues and thereupon issued a new certificate No. 96 to said George L. Boyce, for fourteen shares; that thereafter, on the 11th day of February, 1939, said George L. Boyce, fraudulantly and with full knowledge of the foregoing facts, transferred to the defendant State Bank of Provo said certificate No. 96, which certificate said bank thereafter presented to the secretary of the plaintiff corporation for transfer, and said secretary issued in lieu thereof a new certificate, No. 142, for fourteen shares; that thereafter said bank presented to the corporation secretary said

certificate No. 142 and received in lieu thereof nine certificates Nos. 156, 157, 158, 159, 160, 161, 162, 163 and 164, representing a total of fourteen shares; that the plaintiff corporation was wholly ignorant of the duplicate issue of stock above mentioned until after the issuance to the defendant bank of the certificates last above mentioned; that plaintiff corporation did not, at the time of the duplicate issues of stock originally evidenced by certificate No. 7, nor at any time since, have any treasury stock that it was authorized to issue; and that seven shares of the stock represented by certificates Nos. 96 and 142 were issued without authority of law and were void. The plaintiff prayed judgment that seven shares of the stock represented by certificates No. 96, 142, and by the certificates issued in lieu of No. 142 to the defendant bank, be declared void and that the bank be required to surrender said certificates for cancellation:

To the foregoing complaint the defendant bank filed an "answer and cross-complaint" in which it admitted the transfers of stock and issuance of certificates mentioned, denied plaintiff's allegations of fraud, and affirmatively alleged that on the 28th day of September, 1937, it loaned to the defendant George L. Boyce $3,640 to secure which said Boyce pledged to the bank four certificates of stock representing 40½ shares of the plaintiff corporation, including certificate No. 96 above mentioned; that on the 5th of December, 1938, the defendant bank, to protect its security, paid to the plaintiff $16, being a balance owing on assessment on said 40½ shares; that on said date there was owing to the defendant bank on the loan made to said Boyce $3,983.62, and on said date it purchased said 40½ shares of stock and thereafter presented to the secretary of the plaintiff corporation the certificates referred to and received new certificates in lieu thereof, signed by the officers of the plaintiff. The defendant bank further alleged that the stock alleged by plaintiff to be a duplicate issue had been issued by the proper officials of the plaintiff company for more than twenty-two years and that the plaintiff had negligently allowed the same to stand

as stock of said corporation and had issued water turns thereon for more than twenty years. As a "further answer and by way of cross-complaint" the defendant bank further alleged that it acquired the stock in question as set out in its answer; that on or about the 8th of February, 1939, the defendant bank surrendered to the plaintiff said certificates for 40½ shares; that the plaintiff issue to the defendant bank certificates for 39½ shares but refused to issue a certificate for one share of said stock; that said stock is of a value of $100 per share; that thereafter the defendant bank demanded water of the plaintiff for the stock so issued to it but the plaintiff refused to deliver water for seven of the shares during the season of 1939; that the reasonable value of water represented by said stock is $10 per annum per share; that by reason of the refusal of the plaintiff to issue said share of stock aforesaid the defendant was damaged in the sum of $100 and, by reason of plaintiff's refusal to furnish water for seven shares of stock issued to it, the defendant bank has been damaged in the sum of $70; that the full capital stock of the plaintiff corporation had not been issued; that the defendant bank had no knowledge of any defect or fraud in the issuance of said 40½ shares of stock. The defendant bank prayed: (1) that the plaintiff be required to issue to it one share of stock or pay it $100 damages; (2) that plaintiff be required to furnish to defendant and its assignees water in proportional parts for each share issued to defendant or on failure thereof to pay to defendant damages in the sum of $100 per share of stock for which water was not issued to defendant; (3) for $70 damages for failure to issue to defendant water turns for seven shares during the 1939 season; (4) that plaintiff take nothing by its complaint and for such other relief as to the court may seem meet and just.

The plaintiff moved to strike portions of the defendant's answer and all of the cross-complaint, and said motion being denied, the plaintiff filed a reply admitting the transfer of certificates as set forth in the answer, and the payment of assessment; admitted the refusal to issue one share of stock

but alleged that said share had been illegally issued to a predecessor of plaintiff and "was involved in another and different transaction from the transaction set out in plaintiff's complaint"; and denied the remaining allegations of the cross-complaint.

Trial was had in November, 1940, upon the issues made by the foregoing pleadings and the court found the facts to be substantially as set out in defendant bank's answer and so-called cross-complaint, except that the value of water per share per season was $5 instead of $10. The court found that the plaintiff had refused to deliver water for the seasons of 1939 and 1940 for seven shares issued to the defendant bank and that it had thereby been damaged in the sum of $70. The court further found that the defendant bank and the defendant George L. Boyce were each purchasers for value without notice of any defect in the shares represented by certificates No. 56 and 68, or the shares thereafter issued in lieu of said certificates, and that the plaintiff corporation was negligent in issuing said certificates and was estopped to deny their validity. The court also found that it did not appear that the plaintiff had issued all the stock provided for in its articles of incorporation; that the stock involved in the action was stock which the plaintiff was authorized to issue and was not void, but was entitled to its proportional share of water of the plaintiff, also that a consideration had been given for the issuance of certificates No. 56 and 68 in that certificate No. 7 was for seven shares of primary right in the company and $3\frac{1}{2}$ shares of secondary right. The court therefore rendered judgment in favor of the defendant bank and entered a decree declaring that the stock certificates held by the bank were valid and required the plaintiff to deliver water for the shares represented by such certificates,

"provided that if said plaintiff shall elect within ten days it may pay said bank $700 and upon such payment stock certificates for seven shares of stock in plaintiff corporation, of those numbered, shall be surrendered to said plaintiff by said bank."

It was also decreed that the defendant bank have judgment for $70 for rental value of seven shares of water for 1939 and 1940.

From this judgment the plaintiff appealed and upon appeal the majority of this court held that the trial court erred in its finding that the plaintiff had treasury stock and that therefore the issuance of the seven shares involved in the action was authorized. In the majority opinion it was held that:

"The stock certificate constitute a declaration of the proportion of the water to be distributed to the persons to whom they were originally issued upon which regulations for distribution were based. There is no provision for treasury stock  *  *  *.  The duplicate issue of seven shares was and is void. Judgment is reversed and the cause remanded to the trial court to take such proceedings as will be in harmony herewith."

Thereafter the record on appeal and remittitur were filed with the clerk of the distirct court and the defendant bank thereupon gave notice of its intention to apply for leave to file an amended counterclaim. Plaintiff filed objections to the filing of the proposed amended counterclaim which objections were overruled and the amended counterclaim was filed. Plaintiff thereupon filed its motion to strike the amended counterclaim from the files and also filed a demurrer thereto. At the same time plaintiff served upon counsel for the defendant bank and presented to the trial court proposed findings of fact, conclusions of law and judgment, with its motion requesting the court to sign the same. These motions and the demurrer of the plaintiff were overruled. Plaintiff thereupon filed its petition in this court for writ of mandate requiring the defendant district judge to make and file findings and judgment in conformity to the mandate of this court in the former case and to strike from the files the amended counterclaim. An alternative writ was issued, to which the defendants have filed demurrers and answers as hereinbefore recited. This presents for decision the correctness of the ruling of the trial court per-

mitting the filing of the amended counterclaim. The propriety of the court's refusal to sign the findings of fact, conclusions of law and judgment in form as proposed by the plaintiff cannot properly be considered, since they are not set out in the petition.

As hereinabove set forth, it was alleged by the defendant bank, in its original answer and so-called cross-complaint, that the plaintiff was negligent in issuing the certificates for the duplicate stock; that the bank was a purchaser for value without notice of any defect; that the stock was of a value of $100 per share; that water represented by said stock was worth $10 per annum per share; and the bank asked for judgment that plaintiff be required to furnish water for the seven shares "or on failure thereof pay to the defendant damages in the sum of $100 per share of stock for which water is not issued to this defendant." Defendant also prayed for general relief. In view of such allegations and prayer for relief, we think it cannot be successfully maintained that the amended answer and counterclaim presented issues foreign to the issues in the pleadings prior to the appeal. It is true that in its so-called cross-complaint the bank alleged that the stock was valid stock of the corporation, but we think the allegations and prayer also sufficiently show that the defendant was entitled to damages in case the stock should be declared invalid. It would therefore have been error for the trial court to have refused to permit the filing of the amended counterclaim if timely tendered prior to trial. Was it error to do so after the appeal and remand? Petitioner contends that the mandate of this court, when considered in connection with the opinion, left the trial court no discretion or authority other than to cause judgment to be entered declaring the seven shares void and requiring the defendant to surrender them for cancellation. We do not so construe the mandate or opinion. The effect of the opinion was to hold that an irrigation company, formed for the purpose of orderly distribution of waters owned by the incorporators, has no implied power to issue additional stock conferring a right to the use of a portion of such water.

The opinion further holds that in this case the corporate articles contained no provision for treasury stock nor was it shown that water rights belonging to the incorporators had been transferred to the corporation. It was therefore held that if certificates were issued which resulted in a duplication or overissue of stock, the duplicate issue was void, even in the hands of a bona fide purchaser, and did not entitle the holder to receive a share in the waters distributed by the corporation. Nothing is said in the opinion denying the right of a bona fide holder to recover damages for negligence of the corporation in issuing invalid certificates. It is clearly the rule that such a right exists.

"Where the directors of a corporation or any officer or agent for whose act it is responsible either under the general principles of the law of agency or on the ground of negligence issue a certificate of stock which is void for want of power in the corporation to issue it or otherwise fictitious, the corporation is liable in damages to innocent purchasers or pledgees of such certificate from it, or from the holders thereof, who are injured by relying on its genuineness and validity, and the corporation cannot defeat such an action by alleging its want of power to create the stock or to issue the certificate." 18 C. J. S., corporations, § 254, p. 711; *Tome* v. *Parkersburg Branch R. Co.*, 39 Md. 36, 17 Am. Rep. 540, 14 C. J. 468.

We hold therefore that it was not only within the discretion of the lower court to grant the defendant bank leave to file its amended counterclaim but that it would have been error or an abuse of discretion to have refused to do so. Our statute Sec. 104-9-3, U. C. A., relating to pleadings, requires that if a defendant has a cause of action arising out of the transaction set forth in the plaintiff's complaint as the foundation of plaintiff's claim, or connected with the subject of the action, he must set it up as counterclaim or he cannot afterwards maintain an action therefor. In this case it was necessary for the bank to set up its claim for damages as a counterclaim or be barred of the right to recover therefor. Cf. *Baum* v. *Gee*, 63 Utah 168, 224 P. 440. Under the facts and circumstances shown by the pleadings prior to the appeal and the findings of the trial court it would not have

been proper for this court to have remanded the cause with a mandate which would deprive the defendant of the right to set up its claim for damages. The opinion and mandate should not be construed as doing so.

The alternative writ issued herein will be recalled and the petition will be dismissed. Cost to defendants.

LARSON, C. J., and McDONOUGH, WADE, and WOLFE, JJ., concur.

PRATT, J., not participating.